PERFECTING SERVICE COMPANY, A CORPORATION v. PRODUCT DEVELOPMENT AND SALES COMPANY, A CORPORATION AND RADIATOR SPECIALTY COMPANY, A CORPORATION.

(Filed 17 March, 1965.)

**1. Appeal and Error § 59; Pleadings § 24—**

A statement in a decision of the Supreme Court that a party might move to amend a particular pleading for a specific purpose does not import that such party may amend as a matter of right at any time, but only that such party may move for permission to amend in accordance with set procedure.

**2. Pleadings § 24—**

A motion to be allowed to amend is addressed to the discretion of the court, and the court's decision thereon is not subject to review in the absence of a showing of abuse of discretion.

APPEAL by defendant, Radiator Specialty Company, from *Walker,*
*S. J.,* October 26, 1964, "C" Non-jury Civil Session of MECKLENBURG.

*Wardlow, Knox, Caudle & Wade for plaintiff appellee.*
*Weinstein, Waggoner & Sturges for defendant appellant.*

PER CURIAM. This is the third appeal we have heard in this cause.
The action was instituted in 1957. It came to trial in February 1962,
and verdict and judgment were favorable to plaintiff. Defendants ap-
pealed and a new trial was granted. *Service Co. v. Sales Co.,* 259 N.C.
400, 131 S.E. 2d 9. In January 1964 the superior court sustained plain-
tiff's demurrer to the cross-action and counterclaim set out in the *Third
Amended Answer* of defendant, Radiator Specialty Company (Radia-
tor). Radiator appealed and the ruling of the trial judge on the de-
murrer was affirmed. *Service Co. v. Sales Co.,* 261 N.C. 660, 136 S.E. 2d
56. The pleadings of the parties and the law applicable thereto are set
out at length in the opinions on the first and second appeals.

The second opinion states that "Radiator, if so advised, may move
to amend its answer so as to set out separately in clear and unam-
biguous terms the facts upon which it relies for a counterclaim against
plaintiff for breach of *express* contract for engineering, designing and
fabricating a model." Radiator apparently interpreted this statement
as an adjudication that it might as of right file a counterclaim at any
time. If so, it was in error. The comment was nothing more than a re-
minder that it might move in superior court for permission to amend
in accordance with the rules of procedure set out in the statutes and
decided cases. *Scott v. Harrison,* 217 N.C. 319, 7 S.E. 2d 547.

The second opinion in this cause was issued in May 1964. On 22 Oc-
tober 1964 Radiator, without notice or leave of court, filed counter-
claim with the clerk of superior court. Plaintiff demurred and moved to
strike. At session Radiator moved the court to allow the filing of the
counterclaim as an amendment to its Third Amended Answer. The
court "in its discretion" denied the motion to thus amend, and, ap-
parently to avoid still another appeal in the event the ruling on the
motion to amend should be overruled, sustained the demurrer and
motion to strike.

The motion of Radiator to amend was addressed to the discretion of
the court and the court's decision thereon is not subject to review —
there is no showing or contention that the court abused its discretion.
G.S. 1-125; G.S. 1-131; G.S. 1-141; G.S. 1-163; *Cody v. Hovey,* 217
N.C. 407, 8 S.E. 2d 479; 219 N.C. 369, 14 S.E. 2d 30; *Hardy v. Mayo,*
224 N.C. 558, 31 S.E. 2d 748; 1 McIntosh: North Carolina Practice and
Procedure, §§ 1282, 1283, pp. 508-711. Furthermore, the inclusion of

most of the matters alleged in the counterclaim violates the law of the case as declared in the former opinions.

Affirmed.