ANTHONY PAUL BENTON v. W. H. WEAVER CONSTRUCTION COMPANY

No. 7510SC682

(Filed 17 December 1975)

Negligence §§ 2, 22— pleadings based on breach of contract — claim for relief based on negligence

    Although plaintiff's complaint was based on defendant's breach of his contract with the State in this action to recover for injuries received by plaintiff, a subcontractor's employee, when he fell through an unguarded elevator shaft in a building under construction for which defendant was the general contractor, the complaint was sufficient to state a claim for relief on the ground of negligence by defendant in failing to exercise ordinary care for the safety of persons rightfully on the premises in violation of defendant's duty imposed by law to such persons.

APPEAL by plaintiff from McKinnon, Judge. Judgment entered 18 June 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 19 November 1975.

This is a civil action wherein the plaintiff, Anthony Paul Benton, is seeking to recover $750,000.00 in damages from the defendant, W. H. Weaver Construction Company, as a result of

injuries allegedly sustained from a fall through an unguarded elevator shaft.

In his complaint filed 7 January 1975, plaintiff alleged in pertinent part that:

"3. On or about March 1, 1971 the Defendant entered into a construction contract with the North Carolina Department of Administration for the construction of an office and laboratory building located at the intersection of North Wilmington and East Lane Streets in Raleigh, North Carolina, commonly referred to as the 'Bath Building.'

4. In said contract the Defendant agreed to perform all the construction on the project according to the specifications and the requirements in the Instructions to Bidders standard form pamphlet and the A.G.C. Accident Manual in Construction.

5. Pursuant to the terms of the above pamphlet and manual the Defendant was to provide all necessary safety measures for the protection of all people working on the project. Additionally, the Defendant was required to fully comply with all state laws or regulations and Building Code requirements to prevent accident or injury to persons on or about the location of the work.

\* \* \*

11. On or about the 23rd day of February, 1972, the Defendant, pursuant to the aforesaid contract, was engaged as the general contractor for the construction of the 'Bath Building.'

12. At said time and place, the Defendant had subcontracted certain of the work to be performed in the said building, including certain work to be performed by Tri-State Erectors, Inc.

13. At said time the Plaintiff was an employee of the sub-contractor, Tri-State Erectors, Inc.

14. On the 23rd day of February, 1972, at approximately 2:10 p.m., the Plaintiff, while engaged in his employment with the said sub-contractor and while working on one of the upper levels of the said premises tripped over a steel stud or shear connector together with a loose steel cable

and fell some five floors through a large unguarded, unprotected hole or opening in the floor of the said building, causing him multiple serious and permanent personal injuries.

15. The large hole through which the Plaintiff fell was an elevator shaft.

16. In clear breach of the requirements of the contract, the Defendant provided neither temporary coverings, railings, safety nets or barricades in the proximity of the elevator shaft wherein the Plaintiff fell.

17. The Plaintiff, being a workman on the job and an invitee of the Defendant, was a third party beneficiary under the terms of the aforesaid contract and hence legally capable of suing the Defendant for its breach of the contract.

18. The Defendant is liable to the Plaintiff for all damages resulting from the breach of the contract which were the reasonably foreseeable consequences of that breach."

Defendant, in its answer, filed 5 February 1975, alleged that plaintiff's complaint fails to state a claim upon which relief can be granted and therefore should be dismissed. In addition, defendant filed a motion for summary judgment on 14 May 1975. At a hearing on 18 June 1975, Judge McKinnon decided to treat the motion for summary judgment as a motion to dismiss under Rule 12(b)(6) and dismissed plaintiff's complaint with prejudice. Plaintiff appealed.

*Blanchard, Tucker, Twiggs & Denson by Charles F. Blanchard and Charles A. Parlato for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell by John L. Jernigan for defendant appellee.*

HEDRICK, Judge.

Both the plaintiff and the defendant have argued in their briefs the question of whether the plaintiff can recover in this action for damages for personal injury against this defendant on the theory that the defendant breached its contract with the State of North Carolina to provide certain safety measures in the construction of the Bath Building, without regard to negligence. Neither party, however, seems to have given considera-

tion to the question of whether plaintiff's complaint, when liberally construed, states a claim upon which relief can be granted.

A complaint may be dismissed pursuant to Rule 12(b)(6),

> " 'if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.* Pleadings are to be liberally construed. Mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement."

2A Moore, Federal Practice § 12.08 (1975). *Accord, Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970). In *Sutton v. Duke,* Justice Sharp, now Chief Justice, wrote:

> "Under the 'notice theory of pleading' a statement of claim is adequate if it gives sufficient notice of the claim asserted 'to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata,* and to show the type of case brought . . . . ' Moore § 8.13" *Id.* at 102.

Any construction of the complaint in this cause reveals that plaintiff's *claim* is for damages for personal injuries allegedly resulting from his fall through an unguarded elevator shaft on a building under construction wherein the defendant was the general contractor. In determining the sufficiency of a complaint to state a claim upon which relief can be granted when challenged by a 12(b)(6) motion, the federal courts have consistently held that the legal theory upon which a claim may be bottomed does not determine the validity of a claim; and particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not. *See Thompson v. Allstate Insurance Company,* 476 F. 2d 746 (5th Cir. 1973) ; *New Amsterdam Casualty Company v. Waller,* 323 F. 2d 20 (4th Cir. 1963), *cert. denied,* 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed. 2d 981 (1964) ; *United States v. Martin,* 267 F. 2d 764 (10th Cir. 1959) ; *Dotschay v. National Mutual Insurance Company,* 246 F. 2d 221 (5th Cir. 1957) ;

---

Benton v. Construction Co.

---

*Gins v. Mauser Plumbing Supply Co.,* 148 F. 2d 974 (2d Cir. 1945).

Our concern, therefore, is not whether the complaint states a claim upon which relief can be granted on a theory of breach of contract, but rather whether the complaint when liberally construed states a claim for this plaintiff in this case against this defendant upon which relief can be granted on any theory.

It is well settled in North Carolina that where a contract between two parties is intended for the benefit of a third party, the latter may maintain an action in contract for its breach or in tort if he has been injured as a result of its negligent performance. *Toone v. Adams,* 262 N.C. 403, 137 S.E. 2d 132 (1964).

> "The parties to a contract impose upon themselves the obligation to perform it; the law imposes upon each of them the obligation to perform it with ordinary care and they may not substitute a contractual standard for this obligation. A failure to perform a contractual obligation is never a tort unless such nonperformance is also the omission of a legal duty. *Council v. Dickerson's, Inc.* [233 N.C. 472, 64 S.E. 2d 551 (1951)]. The contract merely furnishes the occasion, or creates the relationship which furnishes the occasion, for the tort." *Id.* at 407.

Allegations in the complaint tending to support plaintiff's claim on the theory that defendant breached its contract with the State to provide specific safety measures are not "the disclosure of some fact which will defeat the claim." *Sutton v. Duke, supra.* In our opinion, the statement of plaintiff's claim in the complaint is sufficient to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata,* and to show the type of case brought. *Sutton v. Duke, supra.*

Therefore, construing the complaint liberally in light of the foregoing principles of substance and procedure, plaintiff's allegations, if supported by competent evidence, are sufficient to permit a finding that the plaintiff, as an employee of a subcontractor, fell through an unguarded elevator shaft in a building under construction wherein the defendant was a general contractor, and that such fall was proximately caused by the negligence of the defendant in failing to exercise ordinary care

---

---

for the safety of persons rightfully on the premises in violation of the defendant's duty imposed by law to such persons.

For the reasons stated, the judgment appealed from is reversed and the cause is remanded to the Superior Court for further proceedings.

Reversed and remanded.

Judges PARKER and ARNOLD concur.