E. CRAVEN BREWER, D/B/A BREWER MOTOR AND EQUIPMENT CO. v. HOWARD HATCHER

No. 804DC724

(Filed 16 June 1981)

**Contracts § 33 — interference with contractual relationship — sufficiency of allegations**

Defendant's counterclaim sufficiently alleged a claim for damages for interference with a contractual relationship where it alleged that defendant was about to consumate an agreement for a loan from the F.H.A.; plaintiff wrote a letter to the F.H.A. concerning a balance allegedly due for equipment sold to defendant; as a result of such letter, the F.H.A. refused to lend defendant the money as originally agreed; defendant was not indebted to plaintiff for the equipment; and plaintiff wrongfully and maliciously prevented the F.H.A. from entering the contract with defendant which it otherwise would have entered but for plaintiff's attempt to compel defendant to pay an unjust debt.

APPEAL by defendant from *Martin (James N.), Judge.* Order entered 10 March 1980 in District Court, DUPLIN County. Heard in the Court of Appeals 11 February 1981.

This action was commenced by plaintiff's filing a complaint wherein he alleged that defendant had purchased equipment from plaintiff; that defendant had defaulted on the promissory note he had executed as consideration for the purchase; that plaintiff had repossessed and sold the equipment; and that a $3,080.00 deficiency remained after the sale which defendant owed plaintiff.

Defendant's answer, denying the allegations in the complaint, contained two counterclaims, the second of which reads as follows:

SECOND DEFENSE AND COUNTERCLAIM

9. The allegations contained in all the previous paragraphs of this answer are hereby incorporated by reference into this second defense and counterclaim.

10. On the 10th day of April, 1979, plaintiff maliciously published and wrote a letter to Mr. James Mills, County Supervisor, Farmers Home Administration, Kenansville, North Carolina, concerning the defendant containing the following matter: "It is our understanding that you are working with Mr. Hatcher in helping him meet his financial commitments. Any help you could give us in taking care of the balance due on this equipment would be sincerely appreciated."

11. That these statements imply that Mr. Hatcher is not financially responsible nor capable of handling his financial affairs. That at the time the plaintiff wrote this letter, the plaintiff knew that the defendant had a commitment from the Farmers Home Administration to lend to the defendant an amount of money in excess of $60,000.

12. That the matter so published and written by the plaintiff to the defendant is untrue, false, and inflammatory.

13. That because of the plaintiff's letter, the Farmers Home Administration, by its agent, J. M. Mills, Jr., wrote to the defendant on April 25, 1979, and told the defendant that the Farmers Home Administration would be unable to lend

the money because, inter alia, the debts to Brewer Motor and Equipment Co. must be satisfactorily settled.

14. That the letter written by the plaintiff, Craven Brewer, to Farmers Home Administration, was done gratuitously and without proper cause and done maliciously and with an intent to damage the crdit [sic] and reputation of the defendant.

15. That prior to the publication of said libelous matter of and concerning the defendant, the defendant was in all respects approved and ready to enter into an agreement with the Farmers Home Administration as above outlined and as will be made to appear more specific and certain at trial. Had not this libelous matter been published the defendant would have consummated his agreement with the Farmers Home Administration. As a result of such publication, the Farmers Home Administration refused to lend the defendant the money as originally agreed to between Farmers Home Administration and the defendant and the defendant has been greatly damaged.

16. That the defendant has been greatly injured because of the above conduct of the plaintiff in his credit and reputation and suffered great pain and mental anguish to defendant's damage in the sum of $10,000. That by reason of the plaintiff's false and malicious letter, which letter caused the Farmers Home Administration to write an equally damaging letter to the defendant, various firms, persons and corporations with whom the defendant had previously been doing business on credit and who had previously sold goods to defendant on credit thereafter have refused to sell goods to defendant on credit and defendant was otherwise greatly injured in his credit and reputation and suffered great pain and mental anguish, to defendant's damage in the sum of $10,000 and defendant is entitled to damages.

Plaintiff moved that the second counterclaim be dismissed for failure to state a claim upon which relief could be granted. Defendant appeals from an order granting plaintiff's motion to dismiss which states in part:

1. That the statements made by the plaintiff by letter to the Farmers Home Administration, dated April 10, 1979, are

not libelous, since the statements are not defamatory, and further since said statements are true statements.

2. The law in this jurisdiction requires that a libelous statement must be false and defamatory in order to be actionable.

*E. C. Thompson, III, for the plaintiff-appellee.*

*Bruce H. Robinson, Jr., for the defendant-appellant.*

MARTIN (Robert M.), Judge.

In his appellate brief, defendant contends that the court misinterpreted his position by assuming that the counterclaim was one for libel and slander rather than for interference with a contractual relationship. Prior to making this assertion in his brief, defendant states that "[b]efore drafting the Defendant's Counterclaim, Defendant's attorney consulted a recognized form book and followed the format almost verbatim in drafting the Second Counterclaim. See Bender's Federal Practice Forms, Volume 1B, Form No. 288.1 (Complaint in an action against a credit reporting firm for liable [sic])." From this statement it is obvious why the trial court assumed that the theory of defendant's counterclaim was one of libel and defamation. However, we are persuaded that defendant's counterclaim sufficiently alleges a claim for damages for the interference of defendant's contractual relationship with the Farmers Home Administration.

A counterclaim is substantially the allegation of a cause of action on the part of the defendant against the plaintiff and it must set forth the facts constituting such cause with the same precision as if the cause were alleged in a complaint. *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40 (1964); *Perkins v. Perkins,* 249 N.C. 152, 105 S.E. 2d 663 (1958); 10 Strong's N.C. Index 3d *Pleadings* § 11 (1977). The following rules, therefore, regarding the sufficiency of a complaint to withstand a motion to dismiss made pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief can be granted, are equally applicable to a claim for relief stated by a defendant in a counterclaim.

For purposes of a motion to dismiss, the allegations of the complaint must be treated as true. *Smith v. Ford Motor Co.,* 289

N.C. 71, 221 S.E. 2d 282, 79 A.L.R. 3d 651 (1976). A complaint is sufficient to withstand the motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and the allegations contained therein are sufficient to give the defendant sufficient notice of the nature and basis of the plaintiff's claim to enable him to answer and prepare for trial. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). A plaintiff's claim for relief should not be dismissed *unless it affirmatively appears that the plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim. Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). With regard to its sufficiency, the question is whether the complaint, when liberally construed, states a claim upon which relief can be granted *on any theory. Benton v. Construction Co.*, 28 N.C. App. 91, 220 S.E. 2d 417 (1975).

In *Johnson v. Gray*, 263 N.C. 507, 509, 139 S.E. 2d 551, 552-3 (1965), the Supreme Court quoted the following language with approval from the opinion of Justice Devin (later Chief Justice), writing in *Coleman v. Whisnant*, 225 N.C. 494, 506, 35 S.E. 2d 647, 656 (1945):

> [w]e think the general rule prevails that unlawful interference with the freedom of contract is actionable, whether it consists in maliciously procuring breach of a contract, or in preventing the making of a contract when this is done, not in the legitimate exercise of the defendant's own rights, but with design to injure the plaintiff, or gaining some advantage at his expense. . . . In *Kamm v. Flink*, 113 N.J.L., 582, 99 A.L.R., 1, it was said: "Maliciously inducing a person not to enter into a contract with another, which he would otherwise have entered into, is actionable if damage results." The word "malicious" used in referring to malicious interference with formation of a contract does not import ill will, but refers to an interference with design of injury to plaintiff or gaining some advantage at his expense.

In his answer to plaintiff's complaint, defendant denied that he was indebted to plaintiff. The gist of defendant's second counterclaim, quoted above, is that the plaintiff wrongfully and maliciously prevented a third party, the Farmers Home Administration, from entering into a contract with defendant, which

it otherwise would have entered into but for plaintiff's attempt to gain some advantage at defendant's expense, *i.e.*, to compel defendant to pay an unjust debt. The letter written by plaintiff to the FHA is alleged as the means used by plaintiff to accomplish his unlawful design. "The means used do not change the nature of the cause of action." *Johnson v. Graye*, 251 N.C. 448, 451, 111 S.E. 2d 595, 597 (1959).

The question of whether the allegations of defendant's counterclaim presented a claim for relief for libel and slander is irrelevant to this appeal. The defendant has not argued this question in his brief. Therefore, we deem it abandoned. Rule 28, N.C. Rules App. Proc.

For the reasons previously set forth, we hold that the order of the trial court granting plaintiff's motion to dismiss defendant's second counterclaim must be and is hereby reversed.

Reversed and remanded.

Chief Judge MORRIS and Judge WHICHARD concur.