CHRYSLER CREDIT CORPORATION, PLAINTIFF v. CHARLES M. REBHAN, CATHERINE REBHAN, DOUGLAS L. REBHAN, AND NINA REBHAN, DEFENDANTS AND THIRD PARTY PLAINTIFFS v. CHRYSLER CREDIT COR-PORATION AND CHRYSLER MOTOR CORPORATION, A/K/A CHRYSLER CORPORATION, THIRD PARTY DEFENDANTS

No. 8326SC78

(Filed 7 February 1984)

**Rules of Civil Procedure § 13— inability to assert independent cause of action by way of counterclaim**

In an action instituted by plaintiff to recover from defendant guarantors overdue financial obligations of a car dealership, the trial court properly dismissed the counterclaim of defendant against third party defendant since the allegations set forth in the counterclaim did not arise under the guaranty contract but arose under the terms of a franchise agreement between Chrysler Motor Corporation and the dealership who is not a party to the lawsuit. The guarantors cannot by way of counterclaim assert an independent cause of action belonging to the debtor and seek affirmative recovery against the creditor.

APPEAL by defendants from *Snepp, Judge.* Order entered 14 October 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 December 1983.

*Fairley, Hamrick, Monteith & Cobb by Laurence A. Cobb and F. Lane Williamson for plaintiff appellee.*

*Robert J. Deutsch for defendant appellants.*

BRASWELL, Judge.

The plaintiff Chrysler Credit Corporation filed this action on 27 May 1982 against the defendants, Douglas and Charles Rebhan, as guarantors for the overdue financial obligations of Coral Gables Imported Cars, Inc., d/b/a Kalamazoo Chrysler-Plymouth. The defendants answered and added Chrysler Motor Corporation as a third-party defendant. Their counterclaim and third-party claim asserted that Chrysler Credit Corporation and Chrysler Motor Corporation have by their "conduct and actions violated the terms of 15 U.S.C. 1222" and have committed a civil conspiracy under Michigan law, causing the financial ruin of Coral Gables. The plaintiff moved to dismiss the counterclaim pursuant to G.S. 1A-1, Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. From the order entered granting the plaintiff's motion, the defendant appeals.

Coral Gables Imported Cars, Inc., d/b/a Kalamazoo Chrysler-Plymouth, is a Florida corporation qualified to transact business in Michigan. It entered into three Direct Dealer Agreements with Chrysler Motor Corporation in May of 1979 for the sale and service of Chryslers, Plymouths and Chrysler import motor vehicles as well as their accessories and parts. The defendants are the sole directors, officers, and shareholders of the dealership corporation. The corporation's inventory was financed by Chrysler Credit Corporation and the defendants were required to execute a "Continuing Guaranty" agreement, obligating themselves to pay all of the corporation's present and future obligations owed to Chrysler Credit.

The plaintiffs have sued the defendants on this agreement for approximately $300,000 as guarantors of the corporation's debts to Chrysler Credit Corporation. The defendants' counterclaim asserted that in the fall of 1979 Chrysler Motors, acting in

concert with Chrysler Credit, began shipping unordered motor vehicles to dealerships, forcing the dealers to accept them. Chrysler Credit would then, without the dealer's authorization, place these vehicles on the dealer's "floorplan," forcing the dealers to pay for these motor vehicles. Coral Gables, being one of these dealerships affected, soon lost its financial viability and terminated its dealership in November of 1980. Since these additional motor vehicles became a financial obligation of Coral Gables, the defendants became liable for their payment under the "Continuing Guaranty" they executed with Chrysler Credit. The defendants alleged that, by forcing the additional cars on Coral Gables, Chrysler Credit and Chrysler Motor have violated the "Automobile Dealers' Day in Court Act" statute under federal law and have committed civil conspiracy under Michigan common law.

The only issue before this Court is whether the plaintiff's G.S. 1A-1, Rule 12(b)(6) motion to dismiss the defendants' counterclaim for failure to state a claim upon which relief can be granted was properly allowed. A Rule 12(b)(6) motion tests the legal sufficiency of the claim. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970). The rules regarding the sufficiency of a complaint to withstand a Rule 12(b)(6) motion are equally applicable to a claim for relief presented in a counterclaim by the defendant. *Brewer v. Hatcher,* 52 N.C. App. 601, 604, 279 S.E. 2d 69, 71 (1981). A counterclaim is sufficient to withstand the motion where no insurmountable bar to recovery on the claim appears on its face. *Id.* at 605, 279 S.E. 2d at 71. Thus, the question becomes whether the counterclaim states a claim upon which relief can be granted *on any theory. Benton v. Construction Co.,* 28 N.C. App. 91, 220 S.E. 2d 417 (1975).

In Count I of the counterclaim, the defendants state that they are entitled to relief under 15 U.S.C. § 1221, *et seq.,* casually referred to as the "Automobile Dealers' Day in Court Act." In 15 U.S.C. § 1222, "[a]n automobile dealer may bring suit against any automobile manufacturer engaged in commerce, in any district court of the United States in the district in which said manufacturer resides, or is found, or has an agent, without respect to the amount in controversy, and shall recover damages by him sustained and the cost of suit by reason of the failure of said automobile manufacturer . . . to act in good faith in performing

or complying with any terms or provisions of the franchise. . . ." 15 U.S.C. § 1221(c) defines "automobile dealer" as "any person, partnership, corporation, association, or other form of business enterprise . . . operating under the terms of a franchise and engaged in the sale or distribution of passenger cars, trucks or station wagons." As a general rule, federal law has maintained that if the dealer named in a franchise is a corporation, then only the corporation itself, its receiver, or stockholder suing derivatively may maintain an action under this statute. *Schmitt-Norton Ford, Inc. v. Ford Motor Co.*, 524 F. Supp. 1099 (D.C. Minn. 1981), *aff'd*, 685 F. 2d 438 (8th Cir. 1982). Therefore, an individual, operating the automobile dealership in corporate form, had no standing to sue the manufacturer in an individual capacity if the corporation is still viable and could in fact sue the manufacturer. *Rodrique v. Chrysler Corp.*, 421 F. Supp. 903 (E.D. La. 1976). In the present case, the defendants do not allege that the corporation is no longer viable or has been dissolved, but only that the corporation "does not presently transact any business." Therefore, under the general rule, the defendants have no standing to sue Chrysler Credit or Chrysler Motor Corporation under 15 U.S.C. § 1222.

The one exception to this rule preventing individuals from suing the manufacturer is when the individuals are inextricably woven into the franchise agreement by provisions which require them to maintain beneficial ownership and control of the stock. These individuals who are essential to the operation of the franchise, who have extensive control over the corporation's activities, and who have a dominant financial interest in the corporation, may maintain an action against the manufacturer. *York Chrysler-Plymouth, Inc. v. Chrysler Credit Corp.*, 447 F. 2d 786 (5th Cir. 1971). *See also Rea v. Ford Motor Co.*, 406 F. Supp. 271 (W.D. Pa. 1975), *vacated and remanded on other grounds*, 560 F. 2d 554 (3d Cir. 1977); *Moorehead v. General Motors Corp.*, 442 F. Supp. 873 (E.D. Pa. 1977). The exception is allowed because these individuals are technically the "dealers" although their business is being conducted through a corporate form. From the record before this Court, the counterclaim states that the defendants are the sole stockholders, directors, and officers of Coral Gables, and that they were essential to its operation and in control of the cor-

poration. The defendants argue therefore that because of this exception they have standing to assert this counterclaim.

We do not agree. The defendants are not suing in their capacity as "dealers," but are suing in order to avoid their obligations as "guarantors" under the "Continuing Guaranty" agreement with Chrysler Credit. The "Director Dealer" franchise agreements entered into by Coral Gables with Chrysler Motor is a separate contract from the "Continuing Guaranty" agreement executed by the defendants to Chrysler Credit. The allegations set forth in the counterclaim have not arisen under the guaranty contract but under the terms of the franchise agreement between Chrysler Motor Corporation and Coral Gables who is not a party to this lawsuit. The guarantors cannot by way of counterclaim assert an independent cause of action belonging to the debtor and seek affirmative recovery against the creditor, Chrysler Motor Corporation. *See Service Co. v. Sales Co.,* 259 N.C. 400, 418, 131 S.E. 2d 9, 23 (1963), *affirmed,* 264 N.C. 79, 140 S.E. 2d 763 (1965). If the principal debtor, Coral Gables, had been sued jointly with the defendants, a claim in favor of Coral Gables may have been set off by the defendants against the demand of Chrysler Credit. *Id.* Since Coral Gables has not been named as a party, no setoff is possible.

The second count in the defendants' counterclaim states that the conduct of Chrysler Motors and Chrysler Credit constitutes actionable civil conspiracy under Michigan law. As discussed above, this claim is also not assertable by the defendant-guarantors. In any event, the defendants acknowledged in their counterclaim and third-party claim that "Chrysler Credit is a wholly-owned subsidiary and agent of Chrysler Motors." Because the present conspiracy claim is based on an alleged unlawful agreement between a corporation and its agent, this claim cannot stand. "In legal contemplation, a corporation and its agents comprise but a single person, one less than the requisite number for a conspiracy." *Schroder v. Dayton-Hudson Corp.,* 448 F. Supp. 910, 915 (E.D. Mich. 1977), *modified on other grounds,* 456 F. Supp. 650 (E.D. Mich. 1978). Thus, there can be no conspiracy. With regard to Count II, we hold the plaintiff's Rule 12(b)(6) motion was properly granted. Counts III and IV have not been addressed by the defendants in their brief. We deem that they have abandoned their assignments of error as they relate to these counts. Rule

28(a), N.C. Rules App. Proc.; *Sutton v. Sutton*, 35 N.C. App. 670, 242 S.E. 2d 644 (1978).

Affirmed.

Judges HEDRICK and EAGLES concur.