SANDRA L. HART AND ROGER J. HART, PLAINTIFFS v. HOWARD L. IVEY, JR. AND JOHN ROSENBLATT AND DAVID KING AND DAVID HOWELL AND MIKE'S DISCOUNT BEVERAGE, INC., DEFENDANTS AND JOHN DENNIS LITTLE, JR. AND JOHN DENNIS LITTLE, SR., DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. HOWARD L. IVEY, JR., THIRD-PARTY DEFENDANT

No. 8926SC1192

(Filed 7 May 1991)

1. **Intoxicating Liquor § 24 (NCI3d) — furnishing alcohol to under-aged driver — liability of social host**

    The trial court erred by dismissing plaintiffs' claim under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiffs alleged that John Little, Jr. had consumed beer while under age at a party hosted by defendants Ivey, Rosenblatt, King and Howell before driving across a double yellow line into plaintiff Sandra Hart's vehicle. The statutory scheme as set out in the present chapter 18B of the General Statutes prohibits *any* sale, possession or giving of alcohol or malt beverages to an underaged person or aiding and abetting the sale or possession whether by a legally licensed commercial vendor, the county bootlegger, or a neighbor down the street. Because plaintiffs are members of the class of persons Chapter 18B (a public safety statute) is intended to protect, a violation is negligence *per se*, and the facts in this case more than adequately set forth the proximate cause element of plaintiffs' claim for purposes of a Rule 12(b)(6) motion. Nothing in the Dram Shop Act would eliminate or abrogate other causes of action arising either statutorily or by common law. N.C.G.S. § 18B-302(a), N.C.G.S. § 18B-121.

    **Am Jur 2d, Intoxicating Liquors §§ 553 et seq.**

    **Social host's liability for injuries incurred by third parties as a result of intoxicated guest's negligence. 62 ALR4th 16.**

2. **Intoxicating Liquor § 24 (NCI3d) — social host — alcohol furnished to underaged guests — no common law negligence**

    Plaintiffs did not state a claim upon which relief could be granted under a common law theory of negligence where a social host provided beer to an underaged guest who subsequently drove across the centerline into plaintiffs. Our courts to date have not articulated any common law duty existing between a third party furnishing alcohol to underaged persons and the public at large.

Am Jur 2d, Intoxicating Liquors §§ 553 et seq.

**Social host's liability for injuries incurred by third parties as a result of intoxicated guest's negligence. 62 ALR4th 16.**

Judge LEWIS dissenting.

APPEAL by plaintiffs, Sandra L. Hart and Roger J. Hart, from judgment entered 1 August 1989 by *Judge Frank W. Snepp* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 2 May 1990.

Appeal by third-party plaintiffs, John Dennis Little, Jr. and John Dennis Little, Sr., from judgment entered 4 August 1989 by Judge Frank W. Snepp in Mecklenburg County Superior Court. Heard in the Court of Appeals 2 May 1990.

The claims of plaintiffs and third-party plaintiffs were dismissed under Rule 12(b)(6) of the N.C. Rules of Civil Procedure for failure to state a claim upon which relief could be granted.

On 15 October 1986, plaintiffs filed a complaint (and subsequently filed an amended complaint) against John D. Little, Sr. and John D. Little, Jr. (hereinafter Little, Jr.) alleging that Little, Jr. had consumed beer at a party at the residence of Howard L. Ivey, Jr. (Ivey). The party was hosted by Ivey, John Rosenblatt (Rosenblatt), David King (King) and David Howell (Howell). Plaintiffs allege that defendants "charged all male guests . . . Two Dollars ($2.00) per person to drink beer." There are no allegations, however, that defendants were acting as "vendors" requiring a permit or license under the Alcohol Beverage Control statutes. All of the hosts and Little, Jr. were 18 years old at the time of the party, and therefore underage for purposes of possessing and consuming alcoholic beverages in violation of N.C. Gen. Stat. § 18B-300 *et seq.* (1983).

Plaintiffs alleged that Little, Jr. left the party and drove a vehicle (owned by Little, Sr.) under the influence of alcohol. Little, Jr. drove said vehicle across a double yellow line into the oncoming traffic, negligently colliding with plaintiff Sandra Hart's vehicle and causing substantial injuries to her.

Plaintiffs' amended complaint included claims for damages against defendants Ivey, Rosenblatt, King and Howell for negligence in hosting the party and providing beer to Little, Jr., in violation

## HART v. IVEY

[102 N.C. App. 583 (1991)]

of N.C. Gen. Stat. § 18B-302, and against Mike's Discount Beverage, Inc., for negligence in selling beer to Ivey, Jr., Rosenblatt, King and Howell in violation of N.C. Gen. Stat. § 18B-302. Defendants Little, Jr. and Little, Sr. also filed third-party actions for contribution against defendant Ivey based upon the same theories of negligence.

Defendants moved to dismiss plaintiffs' claims under Rule 12(b)(6) of the N.C. Rules of Civil Procedure. Such motions were granted in favor of Ivey, Rosenblatt, King and Howell on 1 August 1989. The trial court denied a similar motion by defendant Mike's Discount Beverage, Inc. Plaintiffs' negligence claim against Little, Jr. and Little, Sr. was unaffected by the trial court's ruling. The third-party complaints were dismissed on the same grounds on 4 August 1989. From the orders of 1 August 1989 and 4 August 1989, plaintiffs and third-party plaintiffs appeal.

*Olive-Monnett, P.A. & Associates, by Terry D. Brown, for plaintiff-appellants.*

*Horack, Talley, Pharr & Lowndes, by Neil C. Williams, for defendant/third-party plaintiff-appellant John Dennis Little, Sr.*

*Goodman, Carr, Nixon and Laughrun, by Michael P. Carr, for defendant/third-party plaintiff-appellant John Dennis Little, Jr.*

*Kennedy, Covington, Lobdell & Hickman, by F. Fincher Jarrell, for defendants/third-party plaintiff-appellants John Dennis Little, Sr. and John Dennis Little, Jr.*

*Golding, Meekins, Holden, Cosper & Stiles, by John G. Golding and Terry D. Horne, for defendant-appellee Howard L. Ivey, Jr.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson and John P. Barringer, for defendant-appellee John Rosenblatt.*

*Jones, Hewson & Woolard, by Harry C. Hewson, for defendant-appellee David King.*

*Underwood Kinsey & Warren, P.A., by C. Ralph Kinsey, Jr. and Richard L. Farley, for defendant-appellee David Howell.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in dismissing plaintiffs' claim for relief under Rule 12(b)(6) of the N.C.

Rules of Civil Procedure. For the reasons below, we hold that the trial court erred.

Under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1983), the question is whether the complaint, liberally construed, states a claim upon which relief may be granted under any theory. An incorrect choice of legal theory upon which the claim is based does not bar the claim if the allegations are sufficient under any other legal theory. *Brewer v. Hatcher*, 52 N.C. App. 601, 279 S.E.2d 69 (1981); *Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E.2d 562 (1981).

In deciding a motion under this rule, the trial court must treat the allegations of the complaint as true. *Azzolino v. Dingfelder*, 71 N.C. App. 289, 322 S.E.2d 567 (1984), *aff'd in part, rev'd in part*, 315 N.C. 103, 337 S.E.2d 528 (1985), *cert. denied*, 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). A claim may be dismissed under this rule if there is no law to support the claim, if there is an absence of fact to make a good claim, or if there is a disclosure of fact which will defeat the claim. *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988). In ruling upon a Rule 12(b)(6) motion, however, this Court is not limited to review of the issues briefed. *Brewer*, 52 N.C. App. at 605, 274 S.E.2d at 71.

Plaintiff's claims against Ivey, Rosenblatt, King and Howell in the present action are based upon: (1) a negligence *per se* violation of N.C. Gen. Stat. § 18B-302, and (2) common law negligence. Under either theory of negligence, this Court must decide if a cause of action can be maintained in North Carolina against a social host who provides alcoholic beverages to an underage person for consumption, resulting in impaired driving by the underage person and injuries to an innocent third-party.

I. Negligence *Per Se*

A. *Statutory Background and Analysis*

[1]  Plaintiffs allege in their complaint that all four defendants violated N.C. Gen. Stat. § 18B-302 (1983) and are therefore negligent *per se*. Defendants counter that § 18B-302 deals only with commercial vendors and has no application in a social host situation. We disagree.

As early as 1935, it was unlawful under the laws regulating intoxicating liquors in this state for any person to ". . . deliver, furnish, purchase or possess any intoxicating liquor except as

authorized. . . ." N.C. Code of 1935 § 3411(b). This provision was separate from the Beverage Control Acts of 1933 and 1939. By 1943, this statute became N.C. Gen. Stat. § 18-2 (1943) and still was not included under the Beverage Control Acts. The Beverage Control Act of 1939 was amended in 1943, however, to include N.C. Gen. Stat. § 18-78.1, which regulated the sale of alcoholic beverages to minors.

Therefore, by 1943, the General Statutes contained two separate provisions, in addition to § 18-2, dealing with the sale of alcoholic beverages to *minors*. N.C. Gen. Stat. § 18-78.1 (1943) states: "No holder of a license authorizing the sale at retail of beverages, as defined in § 18-64 . . . shall . . . '(1) knowingly sell such beverages to any person under eighteen (18) years of age.'" Violation of the act resulted in the potential suspension or revocation of the license to sell. (N.C. Gen. Stat. § 18-46 also dealt with the sale of alcoholic beverages to minors by an ABC store.)

Under the same Article 4, "Beverage Control Act of 1939," N.C. Gen. Stat. § 18-90.1 (the predecessor to § 18B-302) stated: "It shall be unlawful for any person, firm, or corporation to sell or give any of the products authorized to be sold by this article to any minor under eighteen years of age." N.C. Gen. Stat. § 18-90.1 (1943).

It is therefore evident that in the early period of the development of alcoholic beverage control laws, the Legislature provided for specific penalties for commercial licensees and ABC stores for selling to minors (N.C. Gen. Stat. § 18-78.1) *and* for *any* person, firm or corporation who sold or gave alcohol to minors. (N.C. Gen. Stat. § 18-90.1). Since no entity was legally entitled to sell alcoholic beverages without a license, N.C. Gen. Stat. § 18-77 (1943), N.C. Gen. Stat. § 18-90.1 clearly was intended to cover situations involving non-licensees.

Over the years, the Alcoholic Beverage Control laws of the state have been repeatedly amended and rewritten. In 1971, a major rewrite of Chapter 18 occurred. Section 18-2, which had been part of the laws carried forward from Prohibition days, became § 18A-3 under Article I, "General Provisions." This statute stated, "(a) No person shall . . . deliver, furnish, purchase, or possess any intoxicating liquor except as authorized in this Chapter." N.C. Gen. Stat. § 18A-3 (1971). *See also* 1971 N.C. Sess. Laws. c. 872

s. 1. N.C. Gen. Stat. § 18-90.1 became § 18A-8. 1971 N.C. Sess. Laws. c. 872 s. 1.

In 1981, Chapter 18A was rewritten and recodified as Chapter 18B. 1981 N.C. Sess. Laws c. 412 s. 2. Section 18A-3 (General Prohibition) was recodified as § 18B-102, in essentially the same form. *Id.* The remaining statute (§ 18A-8) became § 18B-302. *Id.* Under this statute, the one before us in the present case:

**Sale to or purchase by underage persons.**

(a) Sale.—It shall be unlawful for any person to:

    (1) Sell or give malt beverages or unfortified wine to anyone less than 19 years old; . . . .

    (2) Sell or give fortified wine, spiritous liquor, or mixed beverages to anyone less than 21 years old.

(b) Purchase or Possession.—It shall be unlawful for:

    (1) A person less than 19 years old to purchase, to attempt to purchase, or to possess malt beverages or unfortified wine; or

    (2) A person less than 21 years old to purchase, to attempt to purchase, or to possess fortified wine, spiritous liquor, or mixed beverages.

(c) Aider and Abettor.

    (1) By Underage Person.—Any person who is under the lawful age to purchase and who aids or abets another in violation of subsection (a) or (b) of this section shall be guilty of a misdemeanor punishable by a fine up to five hundred dollars ($500.00) or imprisonment for not more than six months, or both, in the discretion of the court.

N.C. Gen. Stat. § 18B-302 (1983) (emphasis added). This statute now appears under Article 3, "Sale, Possession, and Consumption."

N.C. Gen. Stat. § 18-78.1, dealing with sale to minors by licensees, was deleted in its previous form as was any reference to the sale to minors by ABC stores (N.C. Gen. Stat. § 18-46). The effect of § 18-78.1 was perpetuated, however, through the language of N.C. Gen. Stat. § 18A-43: "If any permittee violates any of the provisions of this chapter, or Chapter 105, or any rule or regulation pro-

mulgated under authority of either chapter . . . his permit may be revoked or suspended. . . ." The statutory scheme of § 18A-43 has been carried forward to the present in Chapter 18B, Article 10 "Retail Activities" (N.C. Gen. Stat. § 18B-1005), which states in part: "It shall be unlawful for a permittee . . . to knowingly allow any of the following kinds of conduct to occur on his licensed premises: (1) Any violation of this Chapter." N.C. Gen. Stat. § 18B-1005 (1983). Therefore, a sale to an underaged individual by a permittee under N.C. Gen. Stat. § 18B-302 (the statute directly before us) is also a violation of § 18B-1005. Moreover, a violation of any of these statutes is a violation of the "general prohibition" under § 18B-102(a).

Statutory analysis and common sense dictate that the Legislature did not intend to punish sales to underaged persons by legally licensed permittees, and not to punish unlicensed "persons" who sell or give alcohol or malt beverages to those underaged. The statutory scheme as set out in the present Chapter 18B and discussed above prohibits *any* sale, possession or giving of alcohol or malt beverages to an underaged person or aiding and abetting the sale or possession whether by a legally licensed commercial vendor, the county bootlegger or a neighbor down the street. Therefore, under our statutory analysis and the facts of this case, N.C. Gen. Stat. § 18B-302(a) dealing with "sales" applies to the issues presented in the present case.

We note also that even though it was not specifically alleged in the pleadings, defendants are potentially liable for violating § 18B-302(c) which states that it is unlawful for "*[a]ny person* who is under the lawful age to purchase and who aids or abets another in violation of subsection (a) or (b) of this section. . . ." (Emphasis added.)

B. *Violation of public safety statutes is negligence per se.*

"It is well-settled law in this jurisdiction, that when a statute imposes upon a person a specific duty for the protection of others, that a violation of such statute is negligence *per se*." *Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 341, 88 S.E.2d 333, 339 (1955). To make a case for actionable negligence, the plaintiff must establish the additional element of proximate cause. *Id.* (citations omitted). *See Hutchens v. Hankins,* 63 N.C. App. 1, 303 S.E.2d 584, *disc. review denied,* 309 N.C. 191, 305 S.E.2d 734 (1983), for a comprehensive discussion of the development in the law in

this area. (The statute in question should be designed to promote safety; the plaintiff must be a member of the class protected by the statute and the defendant must be a person who has specific duties under the statute.) *See also* W. Prosser, *The Law of Torts*, § 36 (5th ed. 1984).

We now turn to whether a violation of § 18B-302 is negligence *per se*. Plaintiffs allege in the complaint that defendants Ivey, Rosenblatt, King and Howell "purchased two kegs of beer" and subsequently hosted a party and served Little, Jr. a quantity of beer, allegedly causing Little, Jr. to become intoxicated. Because of his intoxication, Little, Jr. allegedly caused plaintiff's injuries.

Taking these allegations as true as we are required to do under Rule 12(b)(6), it is clear that defendants violated § 18B-302(b) in that they possessed malt beverages. Their potential culpability to plaintiffs, however, arises out of a violation of subsections (a) and (c), which they also violated according to the pleadings, by virtue of selling or providing malt beverages to Little, Jr. and aiding and abetting him in possessing it. Because plaintiff is a member of the class of persons Chapter 18B (a public safety statute) is intended to protect, a violation of this statute is negligence *per se*.

The *Hutchens* Court held that the general purpose of N.C. Gen. Stat. § 18A-34 (now § 18B-305(a)) is "(1) the protection of the customer from adverse consequences of intoxication and (2) the protection of the community at large from the injurious consequences of contact with an intoxicated person." 63 N.C. App. at 16, 303 S.E.2d at 593. The court further held that the requirements of § 18A-34 were the minimum standard of conduct for defendant-licensees and that a violation of the statute could give rise to a negligence action against the licensee by a member of the public injured by the intoxicated customer. *Id*. While § 18A-34 is not the statute involved in the case *sub judice*, the public policy and general purposes as set forth above are equally applicable to other provisions within the current Chapter 18B.

Therefore, we hold that N.C. Gen. Stat. § 18B-302 sets forth the minimum standard of conduct for the citizens of North Carolina in selling or providing or aiding in an underaged individual's possession and consumption of alcoholic beverages. We need not recite at any length the record of carnage on our public highways caused by drivers (particularly those underage) who have consumed intoxicating beverages. Needless to say, the public, as evidenced by

the actions of our Legislature, has increasingly focused on the need to curtail and punish the illegal consumption of alcoholic beverages by underage persons.

We therefore hold that a violation of N.C. Gen. Stat. § 18B-302 is negligence *per se*. *See Freeman v. Finney and Zwigard v. Mobil Oil Corp.*, 65 N.C. App. 526, 309 S.E.2d 531 (1983), *disc. review denied*, 310 N.C. 744, 315 S.E.2d 702 (1984). In *Freeman*, this Court stated that N.C. Gen. Stat. § 18A-8 (now § 18B-302)

> imposes a duty or obligation not to sell beer to minors. The purpose of this statute is to protect both the minor and the community at large from the possible adverse consequences of the minor's intoxication. *See Hutchens, supra.* When a statute, such as the one in this case, imposes upon a person a specific duty for the protection of others, a violation of such statute constitutes negligence *per se.*

65 N.C. App. at 529, 309 S.E.2d at 534 (citations omitted).

The court in *Freeman* further pointed out "[d]efendants . . . were negligent as a matter of law when they failed to conform to the standard imposed by G.S. 18A-8. It is up to plaintiffs, however, to prove that defendants' negligence was a proximate cause of their injuries." *Id.*

C. *Proximate Cause*

Historically, the rule of *non-liability* of a provider of alcohol to an individual who subsequently injured a third-party has rested on the two rationales quoted in *Hutchens.*

> First, the proximate cause of both the patron's intoxication and the subsequent injury to the third party was held to be the consumption of liquor, not its sale or furnishing. Second, even if the sale or furnishing were found to have caused the patron's intoxication, the subsequent injury to a third party was held to be an unforeseeable result of the furnishing of the intoxicating beverage.

63 N.C. App. at 7, 303 S.E.2d at 588.

Without repeating the extensive discussion in *Hutchens* as to the development of the law in regard to proximate cause in this type of situation, suffice it to say that the court in *Hutchens*

has enunciated the law in North Carolina that we are bound to follow. The *Hutchens* court stated:

> When alcoholic beverages are sold by a tavern keeper to a minor or to an intoxicated person, the unreasonable risk of harm not only to the minor or the intoxicated person but also to members of the traveling public may readily be recognized and forseen; . . . .

*Id.* at 10, 303 S.E.2d at 590, *quoting, Rappaport v. Nichols*, 31 N.J. 188, 202, 156 A.2d 1, 8 (1959).

The Court then agreed with the reasoning of the Supreme Court of California in *Vesley v. Sager*, 5 Cal.3d 153, 163-64, 95 Cal. Rptr. 623, 630-31, 486 P.2d 151, 158-59 (1971).

> To the extent that the common law rule of nonliability is based on concepts of proximate cause, we are persuaded by the reasoning of the cases that have abandoned that rule . . . [A]n actor may be liable if his negligence is a substantial factor in causing an injury, and he is not relieved of liability because of the intervening act of a third person if such act was reasonably foreseeable at the time of his negligent conduct . . .
>
> . . . Moreover, "If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby." . . .
>
> . . . Insofar as proximate cause is concerned, we find no basis for a distinction founded solely on the fact that the consumption of an alcoholic beverage is a voluntary act of the consumer and is a link in the chain of causation from the furnishing of the beverage to the injury resulting from intoxication. Under the above principles of proximate cause, it is clear that the *furnishing* of an alcoholic beverage to an intoxicated person *may be a proximate cause* of injuries inflicted by that individual upon a third person. *If such furnishing is a proximate cause, it is so because the consumption, resulting intoxication, and injury-producing conduct are foreseeable intervening causes, or at least the injury-producing conduct is one of the hazards which makes such furnishing negligent.* (Citations omitted.) (Emphasis supplied.)

*Id.* at 11-12, 303 S.E.2d at 591.

The *Hutchens* court thus states the law in North Carolina to permit a claim as in the case *sub judice* to go forward upon proper pleading of facts showing proximate cause.

The case before us requires only a minor extension of *Hutchens* and *Freeman* which dealt with commercial furnishing of alcohol. The allegations show that the defendants illegally purchased beer and provided it to defendant Little, Jr., thus aiding and abetting his possession. Little, Jr. became intoxicated and subsequently drove his vehicle into the plaintiff's vehicle. For purposes of a Rule 12(b)(6) motion, the facts in this case more than adequately set forth the proximate cause element of plaintiff's claim. "The question of whether defendants should have foreseen the injurious consequences from their negligent conduct and whether their conduct was a substantial cause of plaintiff's injuries cannot be discarded as a matter of law on a motion to dismiss or for judgment on the pleadings." *Freeman*, 65 N.C. App. at 529, 309 S.E.2d at 534.

D. *Effect of "Dram Shop" Legislation*

Finally, we need to address the contention raised by defendants that the 1983 enactment by the Legislature of Article 1A "Compensation for Injury Caused by Sales to Underage Persons" (Dram Shop Act) expresses the legislative intent to limit recovery in civil actions to circumstances provided for in Article 1A. We do not agree with defendants' interpretation.

By virtue of enacting Article 1A, the Legislature created a statutory cause of action limited to the specific circumstances involving a permittee's or ABC Board's sale of alcoholic beverages to an underaged person. N.C. Gen. Stat. § 18B-121 (1983). Specific requirements and limitations relating to damages were included in the Act. N.C. Gen. Stat. § 18B-123 (1983). Absolutely nothing is indicated in the Act which would eliminate or abrogate other causes of action arising either statutorily or by common law. Absent obvious legislative intent to preclude causes of action against any persons other than permittees and ABC Boards, this Court cannot dismiss plaintiffs' claim as to these defendants.

In summary, we hold consistent with *Hutchens* and *Finney* that violations of N.C. Gen. Stat. § 18B-302 establish negligence *per se*. Therefore, the trial court erred in dismissing plaintiffs' cause of action arising out of a violation of N.C. Gen. Stat. § 18B-302 and stating sufficient allegations of proximate cause.

## II. Common Law Negligence

[2] Plaintiffs also argue that they have a claim against defendants under a theory of common law negligence because they furnished Little, Jr. with alcoholic beverages. We disagree.

A review of the common law of this State reveals no precedent for the existence of such a cause of action. Our courts to date have not articulated any common law duty existing between a third-party furnishing alcohol to underaged persons and the public at large. This Court is therefore not prepared to establish any such common law duty under the facts of this case, especially since our Legislature has already addressed the issue by virtue of enacting certain public safety statutes as previously discussed giving rise to a statutory duty and thus the negligence *per se* cause of action advocated by plaintiffs.

In summary, we hold that under the facts in the case before us, plaintiffs have alleged a negligence *per se* cause of action against the social hosts (defendants) who allegedly provided malt beverages to an underaged person for consumption, resulting in his impaired driving and subsequent injuries to a third-party. Plaintiffs may therefore proceed under § 18B-302.

To hold otherwise would be contrary to North Carolina law and the public policy in this State. Likewise, such determination would potentially insulate negligent parties from civil responsibility in a situation where there is potential joint and several liability as well as violation of a public safety statute. This Court declines to determine that such insulation is the law in this State.

In conclusion, we can anticipate concern over this extension of liability to social hosts. The facts of this case are limited to the providing of alcoholic beverages to underaged persons in contravention of the law. Alcoholic beverages are strictly controlled by the laws of our State and are provided to individuals under specific regulatory provisions. Just like innocent third-parties who take their chances by being on the highway at the same time as the intoxicated underaged driver, those who decide to provide alcohol to underaged persons must take their chances to suffer the financial consequences of their acts.

**HART v. IVEY**

[102 N.C. App. 583 (1991)]

Reversed and Remanded.

Judge GREENE concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I dissent because I believe the majority is legislating.

The majority extends *Hutchens v. Hankins*, 63 N.C. App. 1, 303 S.E.2d 584 (1983), in holding that N.C.G.S. § 18B-302 imposes liability in tort on non-commercial social hosts who provide alcoholic beverages to minors. N.C.G.S. § 18B-302(a)(1) in pertinent part provides:

Sale to or purchase by underage persons

(a) Sale—It shall be unlawful for any person to

(1) Sell or give malt beverages or unfortified wine to anyone less than 19 years old; . . .

The majority alternatively bases the defendant's liability on the fact that section (b) of the statute prohibits any underaged minor from "possession" of an alcoholic beverage and section (c) prohibits "any person" from aiding or abetting a minor in violating section (b). N.C.G.S. § 18B-302.

On close reading of this statute, I cannot conclude that the statute unambiguously prohibits non-commercial social hosts from providing malt beverages to underaged persons. In interpreting any statute, legislative intent is controlling and can be ascertained from the phraseology of the statute, the nature and purpose of the act, and the consequences which would flow from its interpretation. *Morrison v. Sears, Roebuck & Co.*, 319 N.C. 298, 303, 354 S.E.2d 495, 498 (1987). This particular statute is part of Chapter 18B of the North Carolina General Statutes which addresses "Regulation of Alcoholic Beverages." The purpose of Chapter 18B is "to establish a uniform system of control over the sale, purchase, transportation, manufacture, consumption and possession of alcoholic beverages in North Carolina. . . ." N.C.G.S. § 18B-100. The section at issue, 18B-302, is entitled "Sale to or purchase by underage persons." The specific subsection being addressed in this case is entitled "Sale." N.C.G.S. § 18B-302(a)(1). Furthermore, subsection

(d) of 18B-302 provides statutory defenses for a "seller" of alcoholic beverages but no such defenses are indicated for a social host.

In 1983 this statute was amended by the legislature as part of an extensive modification of the statutes regulating alcoholic beverages and the related problems of intoxicated drivers. The Safe Roads Act includes the Dram Shop Act, N.C.G.S. § 18B-120, *et seq.* This Act does allow a potential claim against the individual who sold or furnished the alcohol, but only against the "permittee" or "Local Alcohol Beverage Control Board." N.C.G.S. § 18B-121. It specifically excludes holders of Special Occasion Permits, Limited Special Occasion Permits, and Special One-Time Permits. N.C.G.S. § 18B-125. These frequently include social hosts. An incongruous result of the majority opinion is that social hosts can insulate themselves by obtaining one of these special or limited permits.

Words and phrases of a statute may not be interpreted out of context; rather, individual expressions must be interpreted as part of a composite whole, in a manner which harmonizes with the other provisions of the statute and which gives effect to the reason and purpose of the statute. *Jolly v. Wright*, 300 N.C. 83, 86, 265 S.E.2d 135, 137 (1980) (citations omitted). In the context of the statutory structure as a whole the prohibition against the providing of alcohol to a minor by "any person" in N.C.G.S. § 18B-302 (a)(1), as well as the prohibition against aiding and abetting any minor in the possession of alcohol in section (c), are at best ambiguous in application to non-commercial social hosts. It is a longstanding rule of construction in this jurisdiction that criminal statutes are to be strictly construed against the state and any ambiguity is to be resolved in favor of a defendant. *State v. Martin*, 7 N.C. App. 532, 534, 173 S.E.2d 47, 48 (1970) (citations omitted). Where a statute does not apply for the purpose of criminal liability it cannot serve as the basis for liability in tort. *See Hutchens v. Hankins*, 63 N.C. App. 1, 16, 303 S.E.2d 584, 593-94 (1983).

Where a statute specifies the acts to which it applies, an intention to exclude all others from its operation may be inferred. *Jolly v. Wright*, 300 N.C. 83, 89, 265 S.E.2d 135, 140 (1980). In holding otherwise, the majority is extending the application of the statute to a class of persons to which the statute cannot clearly be held to apply. The rationale employed by the majority can be applied to extend liability to social hosts who serve alcoholic beverages to intoxicated adults under N.C.G.S. § 18B-305(a), even though

HART v. IVEY

[102 N.C. App. 583 (1991)]

that statute is entitled "Sale to Intoxicated Person" and applies to social hosts no more than any other statute of this section. In the absence of clear legislative intent, statutes imposing penalties should not be extended by judicial construction. *Winston Salem Joint Venture v. City of Winston Salem*, 54 N.C. App. 202, 205, 282 S.E.2d 509, 511 (1981).

In *Skinner v. Whitley*, 281 N.C. 476, 484, 189 S.E.2d 230, 235 (1972), in which the administrator for an unemancipated minor sought the abolition of parent-child immunity, a unanimous court held that "piecemeal abrogation of established law by judicial decree is like partial amputation, ordinarily unwise and usually unsuccessful." In the same opinion, the court said: "the simplest way to effectuate a change in the law is to enact a statute doing so. The courts have frequently said that the question of public policy is to be determined by the legislature and not by the court." *Id.*

I agree entirely with the majority that it is reprehensible for anyone to give or sell alcoholic beverages to minors. I abhor the devastating loss of life attributable so patently to intoxication. But I am even more strongly of the opinion that the three branches of Government must be separately maintained in order to preserve the strength and independence of each. As Justice Huskins wrote in deciding *Skinner v. Whitley, supra,* "[W]e think innovations upon the established law in this field should be accomplished *prospectively* by legislation rather than retroactively by judicial decree. Such changes may be accomplished more appropriately by legislation. . . . Certainly that course is much preferred over judicial piecemeal changes in a case by case approach." *Id.*

If I were Governor or in the legislature, I would build a platform and take my stand. While the majority opinion is a fine blueprint for legislation, this Court has no such authority.

I would uphold the able trial judge.