Artis v. Wolfe

---

---

THAD ARTIS v. RICHARD LLOYD WOLFE AND RICKEY BRILEY WOLFE

No. 768SC428

(Filed 20 October 1976)

**Automobiles § 86— last clear chance — insufficiency of evidence**

    In an action to recover for personal injuries sustained by plaintiff pedestrian when he was struck by defendant's vehicle, evidence was insufficient to require submission of the issue of last clear chance to the jury where all the evidence indicated that until immediately before the accident plaintiff was in the westbound lane, safe from defendant's eastbound car; no evidence indicated that defendant should have expected plaintiff to walk on into danger; and all the evidence indicated that once defendant did recognize plaintiff's peril, it was too late to avoid the accident.

APPEAL by plaintiff from *Small, Judge.* Judgment entered 11 February 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 23 September 1976.

Thad Artis was injured when struck by a car driven by Rickey Briley Wolfe. Artis filed a complaint alleging negligence; Wolfe answered alleging contributory negligence, and Artis replied alleging last clear chance. At the trial the issues of negligence and contributory negligence were presented to the jury, but the trial court refused to present to the jury the issue of last clear chance. The jury's verdict found Wolfe negligent and Artis contributorily negligent. Artis appeals and assigns as error the court's refusal to submit the issue of last clear chance to the jury.

---

---

*Dees, Dees, Smith, Powell & Jarrett, by Tommy W. Jarrett, for plaintiff appellant.*

*Bland, Wood & Thompson, by D. Reed Thompson and J. Darby Wood, for defendant appellees.*

ARNOLD, Judge.

Plaintiff argues that the evidence raises a genuine issue of last clear chance which had to be submitted to the jury. We disagree.

As we construe the evidence, granting Artis every reasonable inference and resolving each conflict in his favor, we find it to show that the accident occurred in the following way.

Late in the afternoon of 10 April 1973, Thad Artis and his son Jerry were driving a small farm tractor west along a rural paved road. Jerry stopped the tractor and his father got off, secured a loose chain, stepped down into the ditch beside the road and told Jerry to drive home. Jerry drove ninety feet west and then, because his father called to him, stopped briefly. Thereafter, Jerry drove on, entering a curve in the road which was approximately 100 feet from the place where his father stood. At almost precisely this moment, a car driven by defendant rounded this curve heading east and passed the tractor. Wolfe was driving about 40 m.p.h., and was in his own lane at this time. Approximately 100 feet down the road Wolfe's car struck Thad Artis who was crossing the road. Skidmarks later found on the road indicated that the accident happened after Artis had crossed the middle line of the road into Wolfe's lane, although Artis did not remember doing so. Wolfe's car was damaged on the driver's side of the front end.

According to the testimony of Thad Artis's second son, James Artis, from the point of impact it was possible to see 400 feet back up the road and around the curve. Plaintiff testified that though he looked he never saw Wolfe. Wolfe admitted seeing Artis but said that while he braked hard he was unable to stop before hitting him. The road was eighteen feet wide with three-foot-wide soft shoulders and ditches on either side.

Last clear chance mitigates the sometimes harsh effects of the contributory negligence rule. However, last clear chance does not arise in every contributory negligence situation. To arise in the case at bar, there must be evidence tending to

prove the following material facts: First, some evidence would have to show that Thad Artis negligently placed himself in peril from Rickey Wolfe. Second, some evidence must show that Wolfe knew or should have known that Artis was in danger and, either because of impossibility or inattention, unable to escape. *Exum v. Boyles,* 272 N.C. 567, 158 S.E. 2d 845 (1968) (impossibility of escape) ; *Wanner v. Alsup,* 265 N.C. 308, 144 S.E. 2d 18 (1965) (inattention to danger). Third, some evidence must show that Wolfe, after he discovered or should have discovered Artis's peril, still had both the time and a reasonable means of avoiding him. Fourth, the evidence must show that Wolfe negligently failed to use the time and means available to avoid the accident. *See Exum v. Boyles, supra; Wade v. Sausage Co.,* 239 N.C. 524, 80 S.E. 2d 150 (1954).

When we compare the elements of last clear chance to the facts of this case, we conclude that the rule does not apply. All the evidence indicates that until immediately before the accident Thad Artis was in the westbound lane, safe from Rickey Wolfe's eastbound car. Further, no evidence indicates that Wolfe should have expected Artis to walk on into danger. Finally, all the evidence indicates that once Wolfe did recognize Artis's peril, it was too late to avoid the accident. Wolfe was driving 40 m.p.h. at the time of the accident. This is just less than 60 feet per second. At this speed less than two seconds passed from the time Wolfe left the turn and passed the tractor until he struck Artis. Under the circumstances, Wolfe may have had the last "possible" chance, but he did not have the necessary last clear chance to avoid the accident. *Battle v. Chavis,* 266 N.C. 778, 147 S.E. 2d 387 (1966) ; *Grant v. Greene,* 11 N.C. App. 537, 181 S.E. 2d 770 (1971).

Artis relies on the recent case of *Earle v. Wyrick,* 286 N.C. 175, 209 S.E. 2d 469 (1974). However, that case differs from this one in three respects, and does not control this case. There, the driver was traveling only 25 or 30 m.p.h. She was driving down a straight city street, and at all times the deceased was walking in the middle of the lane with her back to traffic, obviously inattentive to her danger.

We find no error in the refusal to instruct the jury on last clear chance.

Affirmed.

Judges MORRIS and HEDRICK concur.