JAMES J. GRANT, ADMINISTRATOR OF THE ESTATE OF WARREN JEWEL GRANT v. ERNEST MARVIN GREENE

No. 7118SC25

(Filed 23 June 1971)

1. **Rules of Civil Procedure § 50— motion for directed verdict — specificity of grounds**
   A motion for directed verdict which was based on "the case of Blake v. Mallard, decided by Justice Sharp in 1964" does not comply with the statutory requirement that the motion shall state the specific grounds therefor. G.S. 1A-1, Rule 50(a).

2. **Negligence § 12— last clear chance**
   The doctrine of last clear chance contemplates that if liability is to be imposed the defendant must have a last "clear" chance, not a last "possible" chance to avoid injury.

3. **Automobiles § 89— striking a pedestrian — last clear chance — sufficiency of evidence**
   Evidence in an accident case failed to show that the defendant motorist, who was traveling at a lawful rate of speed, had the last clear chance to avoid striking a legally blind pedestrian who had suddenly begun running across the highway.

ON *certiorari* to review judgment of *Collier, Judge,* entered 22 June 1970 Civil Session, Superior Court of GUILFORD County.

Plaintiff seeks to recover damages for the alleged wrongful death of his intestate resulting from defendant's having struck plaintiff's intestate, a pedestrian, while defendant was driving his automobile on U. S. Highway 29 in Guilford County.

Defendant by answer denied any negligence on his part and, as a further defense, interposed plaintiff's intestate's contributory negligence as a bar to recovery. Plaintiff replied, denying contributory negligence and, as a further defense to defendant's further answer and defense, set up the plea of defendant's last clear chance to avoid striking plaintiff's intestate.

At the close of plaintiff's evidence, defendant's motion for directed verdict was granted, and plaintiff appealed.

*Stephen E. Lawing for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by David M. Moore II, for defendant appellee.*

MORRIS, Judge.

The evidence, taken in the light most favorable to plaintiff, tends to show: At the scene of the accident, the highway was a four-lane smooth surface asphalt highway with two lanes northbound 23 feet and 9 inches wide and two lanes southbound 23 feet and 9 inches wide, divided by a 30-foot median, with an 8-foot paved shoulder for both lanes. The accident occurred at about 9:55 p.m. The night was clear and dark, the road was dry, and the street was not lighted.

Defendant had five passengers in his car, all members of his family. They had followed an ambulance transporting defendant's brother from Spartanburg, S. C., to Durham for admission to the Veterans' Hospital. They had had the brother admitted and were returning to their homes in South Carolina. Defendant was rounding a slight curve in the highway. A car had just passed him traveling in the same direction. Defendant had been traveling at about 55 to 60 miles per hour, not in excess of 60 miles per hour. Defendant noticed plaintiff's intestate and a woman he later understood was plaintiff's intestate's wife standing off the west side of the highway. They appeared to be scuffling. Someone in the car advised defendant to watch those people. When defendant saw plaintiff's intestate entering the

highway, he switched his lights from low to bright. He immediately took his foot off the accelerator and applied brakes. Plaintiff's intestate started running toward the inside southbound lane. Defendant immediately turned over onto the left-hand side. Plaintiff's intestate was struck by defendant's right front fender. Defendant's car was still in motion when it struck plaintiff's intestate. Plaintiff's intestate's body crossed the hood, the windshield, and the top of defendant's car and came off the left-hand side. Plaintiff's intestate was attempting to cross the highway in a diagonal direction. The debris—headlight glass, etc.,—from defendant's car was located approximately 32 feet from where plaintiff's intestate was standing. His body was found in the median area a distance of 31 feet from the location of the debris.

Officer L. R. Wood of the North Carolina Highway Patrol had been following behind defendant's vehicle for a short distance, less than a mile. The posted speed limit was 60 miles per hour. Officer Wood was approximately 300 yards behind the defendant and speeded up when he saw defendant swerve. Officer Wood observed the woman standing on the right shoulder a couple of feet from the edge of the road when he began approaching the location but did not see plaintiff's intestate at any time prior to the collision. He did not hear a horn blow. When he arrived at the location where the woman was standing he pulled his car onto the shoulder and stopped. The woman was hysterical and said her husband had been struck by a car. Officer Wood crossed the road into the median and found the plaintiff's intestate's body. Defendant stopped and then pulled down the highway onto the right side and parked. The occupants returned to the scene and defendant stated he felt he was in the grass median. No evidence was found indicating he was in the median at any time. There were no skid marks or tire impressions at any point on the road. Officer Wood testified that trees all along the area would obstruct vision to the right but would not obstruct vision of the road. In daylight there is approximately 1/10 of a mile good and clear visibility and approximately 200 feet at night, the difference in visibility being explained by the fact that while in the curve to the right the headlights shine straight ahead and it would be approximately 200 feet to where headlights would light up something on the side of the road where plaintiff's intestate was standing,

but the actual unobstructed vision is at least 1/10 of a mile at all times.

Plaintiff's intestate was completely blind in his left eye and vision in the right eye was 21/100 with corrective glasses. In all 50 states, 21/100 is considered legal blindness, industrial blindness.

[1] According to the record, defendant moved for a directed verdict "citing the case of *Blake v. Mallard,* decided by Justice Sharp in 1964." This is certainly not an approved method of complying with the requirement that "A motion for a directed verdict shall state the specific grounds therefor." G.S. § 1A-1, Rule 50 (a). A reading of *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214 (1964), leads us to the obvious conclusion that defendant's motion was based on the contributory negligence of plaintiff's intestate. Since in our opinion the contributory negligence of plaintiff's intestate is patent, a ruling favorable to defendant on the motion thus grounded would not be error. The court allowed the motion on the grounds that there was no negligence on the part of defendant and even if there were negligence on the part of defendant, plaintiff's intestate was contributorily negligent as a matter of law. Plaintiff, both by oral argument and by brief, concedes negligence on the part of plaintiff's intestate but earnestly contends that defendant had the last clear chance to avoid injury to plaintiff's intestate.

[2, 3] Plaintiff relies on *Exum v. Boyles,* 272 N.C. 567, 158 S.E. 2d 845 (1968). The case *sub judice* is factually distinguishable. There the facts tended to show plaintiff's intestate, wearing a white shirt, was squatting beside the rear wheel of his disabled station wagon changing a tire. His body projected over the edge of the pavement. The headlights, taillights, and interior dome lights were burning. Defendant, approaching, saw the station wagon 200 yards before he reached it but did not see plaintiff's intestate until virtually the moment of impact. We agree these facts, if true, were sufficient to bring the doctrine of last clear chance into operation, it being a question for the jury whether these were or were not the facts of the case. Under the principles relating to the application of the doctrine of last clear chance so clearly set out in *Exum,* defendant's duty to act arose only after he knew, or in the exercise of due care should have known that the plaintiff's intestate was insensitive to danger. *Wise v. Tarte,* 263 N.C. 237, 139 S.E. 2d 195 (1964).

The doctrine contemplates that if liability is to be imposed the defendant must have a last "clear" chance, not a last "possible" chance to avoid injury. *Battle v. Chavis*, 266 N.C. 778, 147 S.E. 2d 387 (1966). We are of the opinion that the evidence in this case fails to show such an opportunity.

The judgment is

Affirmed.

Judges BROCK and HEDRICK concur.