CAROLYN DENISE PIPPINS AND SHIRLEY PIPPINS v. WILLIAM CHARLES
GARNER

No. 833SC421

(Filed 3 April 1984)

**Automobiles and Other Vehicles § 89.2— failure to submit doctrine of last clear
chance to jury — proper**

    The trial court properly failed to submit the doctrine of last clear chance
to the jury in an action arising from an automobile accident where the collision
occurred within the intersection of a three lane road, each party contended the
traffic light gave the right-of-way to him or her, and the matter occurred
within a very few seconds perhaps giving defendant the last *possible* chance to
avoid the injury but not providing the means to have the last *clear* chance to
avoid the injury.

    Judge PHILLIPS dissenting.

APPEAL by plaintiffs from *Tillery, Judge.* Judgment entered
30 August 1982 in Superior Court of PITT County. Heard in the
Court of Appeals 7 March 1984.

Plaintiffs instituted this negligence action against defendant
seeking to recover damages. Shirley Pippins was the owner of a
1972 Chevrolet car. Carolyn Denise Pippins, the daughter of
Shirley Pippins, was the lawful operator of the vehicle. As plain-
tiffs they alleged that on 3 April 1982 Carolyn Denise Pippins was
traveling south on Dickinson Avenue in the City of Greenville
behind a Volkswagen car; that as she proceeded through the in-
tersection of Reade Street and Dickinson Avenue a car driven by
defendant William Garner struck the left front door of the vehicle
driven by plaintiff with the left front headlight of his vehicle.
Plaintiffs alleged that defendant was negligent in failing to see
that his movement could be made in safety before turning from a
direct line of traffic, failing to keep a reasonable lookout, failing
to yield the right of way, failing to keep his automobile under con-
trol so as to avoid an accident, and failing to stop for a red light.

Defendant's answer denied negligence. It pled contributory
negligence, alleging that plaintiff failed to keep a proper lookout,
failed to keep her vehicle under proper control, failed to stop in
obedience to the traffic signal, failed to yield the right of way,
and failed to abide by the speed limit or a reasonable safe speed.

Plaintiff replied that defendant had the last clear chance to avoid the collision.

The trial court declined to submit the issue of last clear chance. The jury returned a verdict finding defendant negligent and plaintiffs contributorily negligent. Plaintiffs appeal.

*Jeffrey L. Miller for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr. for defendant appellee.*

HILL, Judge.

The sole issue is whether the trial court erred in refusing to submit the issue of last clear chance to the jury. We find that the court properly declined to submit the issue of last clear chance.

In order to submit the issue of last clear chance to the jury, the evidence must tend to establish the following:

> (1) that plaintiff, by his own negligence, placed himself in a position of peril (or a position of peril to which he was inadvertent); (2) that defendant saw, or by the exercise of reasonable care should have seen, and understood the perilous position of plaintiff; (3) that he should have so seen or discovered plaintiff's perilous condition in time to have avoided injuring him; (4) that notwithstanding such notice defendant failed or refused to use every reasonable means at his command to avoid the impending injury; and (5) that as a result of such failure or refusal plaintiff was in fact injured.

*Wray v. Hughes,* 44 N.C. App. 678, 681-82, 262 S.E. 2d 307, 309-10, *disc. rev. denied,* 300 N.C. 203, 269 S.E. 2d 628 (1980). Last clear chance "contemplates that if liability is to be imposed the defendant must have a last 'clear' chance, not a last 'possible' chance to avoid injury." *Grant v. Greene,* 11 N.C. App. 537, 541, 181 S.E. 2d 770, 772 (1971). *Accord Battle v. Chavis,* 266 N.C. 778, 781, 147 S.E. 2d 387, 390 (1966). The burden is on the plaintiff to establish that the doctrine applies. *Vernon v. Crist,* 291 N.C. 646, 654, 231 S.E. 2d 591, 596 (1977).

In the case under review plaintiffs have failed to carry their burden of establishing the doctrine's applicability. The evidence

shows that the collision occurred within the intersection of a three lane road. Some question exists as to the right of way at the time of the collision, each party contending the traffic light gave such right to her or him. Carolyn Denise Pippins testified she first saw the defendant's car stopped across Dickinson Street a little way behind the pedestrian walkway. She noticed his left turn signal was activated. She was turning her vehicle toward the lane nearest the curb and did not know of defendant's attempt to turn left until defendant's car struck the car she was driving. The evidence further shows that plaintiff's car was moving 30 to 35 miles per hour or 44 to 51.33 feet per second. There is evidence that defendant's car was moving at a speed of 20 miles per hour or 27.33 feet per second. Such evidence indicates that the matter occurred *within a very few seconds and is a case of negligence* and contributory negligence rather than last clear chance. While the defendant may have had the last *possible* chance to avoid the injury, defendant had not the time nor the means to have the last *clear* chance to entitle the submission of the question to the jury.

Affirmed.

Chief Judge VAUGHN concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Even though the time that defendant had within which to avoid the accident was very brief, indeed, and the distance between the two vehicles was rather short, the evidence nevertheless raised the issue of last clear chance, in my opinion, and the jury should have been so instructed.

The evidence as to virtually every circumstance leading to the accident was in conflict, and how these conflicts were resolved by the jury, we do not know. They could have found, however, as one evidentiary combination indicates, that instead of traveling 20 miles per hour, the defendant was just getting his car in motion, after stopping for the red light, when he could have seen that plaintiff, traveling 30 to 35 miles per hour, was not going to stop for the changing traffic light. Whether the defendant

could and should have stopped his car, rather than increase his speed and travel on, was a question that the jury should have decided, rather than the court. That a car just leaving a stationary position requires very little time and space within which to stop is certain, and in determining that under the circumstances described that defendant had no reasonable opportunity to stop his car and that the chance that defendant undoubtedly had to avoid the accident was only a "last possible chance," rather than a last clear chance, the majority decided a factual, rather than a legal, question in my judgment. While this is a weak last clear chance case, to be sure, based on circumstances drastically different from those involved in most of the reported cases that have dealt with this doctrine, it is still a case for the jury, in my view. Too, despite the refinements that judges have engrafted upon this simple, humane, common sense doctrine, it should be remembered that it is but an extension of the rule of proximate cause, which jurors, rather than judges, usually apply; and, if defendant could and should have avoided the accident in the brief time available after plaintiff's peril was or should have been noted, his failure to do so was the proximate cause of plaintiff's damage. If the jury had been so instructed, the verdict might have been different.