IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-368

Filed: 5 April 2016

Mecklenburg County, No. 13 CVS 11691

THOMAS A. E. DAVIS, Jr., Administrator of the Estate of LISA MARY DAVIS, (deceased), Plaintiff,

v.

HULSING ENTERPRISES, LLC, HULSING HOTELS NC MANAGEMENT COMPANY, HULSING HOTELS NORTH CAROLINA, INC., HULSING HOTELS, INC., d/b/a CROWNE PLAZA TENNIS & GOLF RESORT ASHEVILLE and MULLIGAN'S, Defendants.

Appeal by Plaintiff from order entered 25 November 2013 by Judge Richard L. Doughton in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 October 2015.

*Charles G. Monnett III & Associates, by Charles G. Monnett III, for Plaintiff-Appellant.*

*Northup McConnell & Sizemore, PLLC, by Katherine M. Pomroy and Isaac N. Northup, Jr., for Defendant-Appellees.*

HUNTER, JR., Robert N., Judge.

Thomas A. E. Davis, Jr., ("Plaintiff") in his capacity as administrator of Lisa Mary Davis's ("Davis") estate, appeals from a 25 November 2013 order dismissing his common law dram shop and punitive damages claims against Defendants. We reverse the trial court.

## I. Procedural History

On 15 July 2013, Plaintiff filed a complaint alleging the following causes of action: (1) common law dram shop; (2) negligent aid, rescue, or assistance; and (3) punitive damages. Plaintiff's dram shop claim alleged Defendants were negligent *per se* for violating N.C. Gen. Stat. § 18B-305 by selling and giving alcohol to Davis, an intoxicated person.

On 13 August 2013, Defendants filed a Rule 12(b)(6) motion to dismiss the complaint because it "fails to state a claim for which relief can be granted under the laws of [North Carolina]." Defendants filed their answer 8 November 2013 and raised defenses for contributory negligence, intervening and superseding negligence, and assumption of risk. Defendants asserted the following in their contributory negligence defense:

> [I]f Defendants were negligent, which is specifically denied, then the injuries and damages complained of were proximately caused by the contributory negligence of [Davis] in consuming the beverages complained of and/or of [Plaintiff] in failing to intervene in [Davis's] consumption of the beverages . . . and in failing to assist her and ensure her health and safety . . . which is a complete defense to Plaintiff's claim.

The court heard arguments on the motion to dismiss on 28 October 2013. Thereafter, the court issued an order on 25 November 2013 dismissing Plaintiff's common law dram shop and punitive damages claims. The parties proceeded to a jury trial on the negligent rescue claim. Following the jury's verdict, the court entered a 23 October 2014 judgment finding Defendants not liable.

Plaintiff filed his notice of appeal 10 November 2014, appealing "from the 23 October 2014 Judgment upon the jury's verdict . . . ." The parties settled the record by stipulation and filed their appellate briefs.

## II. Appellate Jurisdiction

On appeal, Plaintiff only contests the dismissal of his common law dram shop claim. Defendants contend Plaintiff did not properly appeal this issue under N.C. R. App. P. 3(d) because his notice of appeal does not mention the 25 November 2013 order dismissing his dram shop claim. Plaintiff filed a petition for writ of *certiorari* on 28 July 2015. The Clerk of Court referred Plaintiff's petition to this panel on 7 August 2015.

To provide proper notice of appeal the appellant must "designate the judgment or order from which appeal is taken and the court to which appeal is taken . . . ." N.C. R. App. P. 3(d). "Without proper notice of appeal, this Court acquires no jurisdiction." *Dixon v. Hill*, 174 N.C. App. 252, 257, 620 S.E.2d 715, 718 (2005) (citation and quotation marks omitted). However, N.C. Gen. Stat. § 1-278 "provides a means by which an appellate court may obtain jurisdiction to review an order not included in a notice on [sic] appeal. It states: 'Upon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment.'" *Id.* (citing N.C. Gen. Stat. § 1-278).

- 3 -

Appellate review under section 1-278 is proper when the following three conditions are met: "(1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment." *Dixon*, 174 N.C. App. at 257, 620 S.E.2d at 718. Defendants agree the second and third conditions are met.

The 25 November 2013 order states the trial court "heard arguments" and reviewed other materials "presented by the parties" regarding Defendants' Rule 12(b)(6) motion. Plaintiff's objection is inherent to the hearing, and he clearly identified the 25 November 2013 order in the Statement of Organization of Trial Tribunal and the proposed issues on appeal. Accordingly, this Court has subject matter jurisdiction over Plaintiff's appeal. In addition, we grant Plaintiff's petition for writ of certiorari.

### III. Standard of Review

"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "As a general proposition, a trial court's consideration of a motion brought under Rule

12(b)(6) is limited to examining the legal sufficiency of the allegations contained within the four corners of the complaint." *Khaja v. Husna*, ___ N.C. App. ___, ___, 777 S.E.2d 781, 786 (2015) (citing *Hillsboro Partners v. City of Fayetteville*, 226 N.C. App. 30, 32–33, 738 S.E.2d 819, 822 (2013), *disc. review denied*, 367 N.C. 236, 748 S.E.2d 544 (2013)).

## IV. Factual History

We review the following facts in Plaintiff's complaint as true. *Stanback*, 297 N.C. at 185, 254 S.E.2d at 615.

Plaintiff and Davis celebrated their wedding anniversary at the Crowne Plaza Resort on 5 October 2012. They checked into the resort around 5:00 p.m., and decided to have dinner at the resort's restaurant, "Mulligan's." Plaintiff and Davis sat in Mulligan's from 5:30 p.m. to 10:00 p.m. During that time, Defendants, and their employees, served Plaintiff and Davis twenty-four alcoholic liquor drinks, and Davis drank at least ten of the twenty-four drinks. Defendants' conduct was grossly negligent, willful, and wanton.

Davis consumed a sufficient amount of alcohol to appreciably and noticeably impair her mental and physical faculties. Her intoxicated state would have been apparent to a reasonable Alcoholic Beverage Control ("ABC") permittee, agent, or employee. Defendants knew, or in the exercise of reasonable care should have known,

Davis was intoxicated, yet they continued serving her alcoholic drinks. Defendants knew, or should have known, that doing so would put Davis and others at risk.

Davis became so intoxicated she was unable to walk with Plaintiff from Mulligan's to their hotel room. While attempting to walk back, Davis fell on the floor and was unable to get up. Defendants placed Davis in a wheelchair and took her to the hotel room. Defendants left Davis with Plaintiff in the hotel room without appropriate assistance, supervision, or medical attention. The next morning, Plaintiff woke up and found Davis lying dead on the floor.

N.C. Gen. Stat. § 18B-305 was in effect at the time of these events, making it unlawful for an ABC permittee to knowingly sell or give alcoholic beverages to an intoxicated person. Defendants and their employees are ABC permittees, and they had a duty to not sell or give alcoholic beverages to Davis. Defendants breached that duty by continually serving Davis, failing to train their employees, enforce policies, or take other reasonable steps to prevent unlawful alcohol sales. Defendants should have reasonably foreseen the injuries caused by their conduct. Davis died from acute alcohol poisoning, the direct and proximate result of Defendants' negligence.

**V. Analysis**

Relying upon, *inter alia*, *Sorrells v. M.Y.B. Hosp. Ventures of Asheville*, 332 N.C. 645, 423 S.E.2d 72 (1992), Defendants contend "Plaintiff's Complaint facially

discloses facts that demonstrate [Davis's] contributory negligence, which is an affirmative bar to Plaintiff's claim." We disagree.

## A. Contributory Negligence

"In this state, a plaintiff's [ordinary] contributory negligence is a bar to recovery from a defendant who commits an act of ordinary negligence." *McCauley v. Thomas ex rel. Progressive Universal Ins. Co.*, ___ N.C. App. ___, ___, 774 S.E.2d 421, 426 (2015) (citing *Sorrells*, 332 N.C. at 648, 423 S.E.2d at 73–74). It is also well-established that "contributory negligence on the part of the plaintiff is available as a defense in an action which charges the defendant with the violation of a statute or negligence per se." *Brower v. Robert Chappell & Associates, Inc.*, 74 N.C. App. 317, 320, 328 S.E.2d 45, 47 (1985).

However, a plaintiff's ordinary contributory negligence is not a bar to recovery when a "defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries." *Yancey v. Lea*, 354 N.C. 48, 51, 550 S.E.2d 155, 157 (2001) (citation omitted); *see also Sorrells*, 332 N.C. at 648, 423 S.E.2d at 73–74. "Only gross contributory negligence by a plaintiff precludes recovery by the plaintiff from a defendant who was grossly negligent." *McCauley*, ___ N.C. App. at ___, 774 S.E.2d at 426 (citation omitted).

Our Supreme Court considered these principles in *Sorrells*, a case in which the estate of a 21-year-old ("decedent") brought a negligence action against a bar for

violating Chapter 18B of the North Carolina General Statutes. *Sorrells*, 332 N.C. at 647, 423 S.E.2d at 73. The estate alleged decedent was intoxicated at the bar with friends, and consumed alcohol to the point of becoming visibly intoxicated. *Id.* The bar served decedent more alcohol, knowing he would drive home, even against the advice of his friends. *Id.* Decedent attempted to drive home, lost control of his vehicle, and died when his vehicle struck a bridge abutment. *Id.* The trial court dismissed the estate's wrongful death claim because it was barred by decedent's contributory negligence. *Id.*

On appeal, the estate argued the claim should not be dismissed because the bar acted with willful and wanton negligence, "such that the decedent's contributory negligence would not act as a bar to recovery." *Id.* at 648, 423 S.E.2d at 74. Our Supreme Court recognized "the validity of [this] rule" but did "not find it applicable" because the decedent committed a misdemeanor by driving his vehicle while "highly intoxicated," establishing that his actions as alleged in the complaint rose to "a similarly high degree of contributory negligence." *Id.* at 648–49. In other words, the Court found that decedent's act of driving intoxicated, as alleged in the complaint, established that decedent's gross contributory negligence was commensurate with defendant's gross negligence alleged in the complaint, therefore barring plaintiff's claim from proceeding beyond the pleading stage.

The Dissent acknowledges, but does not follow these principles in concluding "the complaint here fails to allege any facts which demonstrate that Defendants' negligence was any greater than [Davis's]" and "Plaintiff has simply failed to plead any facts that would make Defendant's behavior any worse than the facts alleged in [other dram shop cases]." The Dissent, agreeing with Defendants' speculation and overreach, believes Davis's contributory negligence rose to the level of Defendants' gross negligence. We cannot agree, however, that the allegations in the complaint establish Davis's gross or willful and wanton contributory negligence.

Plaintiff specifically alleged Defendants' acts constituted "gross negligence and . . . willful or wanton conduct which evidences a reckless disregard for the safety of others." In response, Defendants answered and alleged that Davis's ordinary contributory negligence barred Plaintiff's claim. The allegations in Defendants' answer are consistent with our decision in *Brower*, which holds that an individual's voluntary consumption of alcohol to the point of "approaching a comatose state" equates to "'a want of ordinary care' which proximately caused plaintiff's injuries constituting contributory negligence as a matter of law." 74 N.C. App. 317, 320, 328 S.E.2d 45, 47 (1985). Based on *Brower*, we cannot say that voluntary consumption of alcohol, even to the point of "approaching a comatose state," without more, amounts as a matter of law to anything above ordinary contributory negligence.

Even if Defendants alleged Davis acted with gross contributory negligence, this case could not be appropriately resolved at the pleading stage with such a limited record. Rather, comparing Davis's gross contributory negligence to Defendants' gross negligence and willful, wanton conduct, would be appropriate upon a full development of the record. *See McCauley*, ___ N.C. App. at ___, 774 S.E.2d at 429 (reversing a directed verdict in favor of defendant and holding that plaintiff's alleged gross contributory negligence was a jury issue).[1]

Taking the allegations in Plaintiff's complaint as admitted, we cannot hold Davis's conduct rises to the level of gross contributory negligence. Unlike the decedent in *Sorrells*, Davis did not engage in conduct that is grossly negligent as a matter of law. Davis's consumption of alcohol, without more alleged in the complaint, cannot bar Plaintiff's claim at the pleading stage.

**B. Plaintiff's Complaint**

To prevail on a negligence *per se* claim, a plaintiff must show the following:

> (1) a duty created by a statute or ordinance;
> (2) that the statute or ordinance was enacted to protect a
> class of persons which includes the plaintiff;
> (3) a breach of the statutory duty;

---

[1] Our Court held in *McCauley v. Thomas ex rel. Progressive Universal Ins. Co.*, ___ N.C. App. ___, 774 S.E.2d 421 (2015), that a plaintiff's alleged gross contributory negligence was an issue for the jury to decide. This issue was raised in the defendant's answer leading up to a jury trial. At trial, the defendant successfully moved for a directed verdict "on the ground that plaintiff was grossly contributorily negligent as a matter of law," citing to portions of the plaintiff's testimony, and case law. *Id.* ___ N.C. App. at ___, 774 S.E.2d at 424. Reviewing a more complete record than the scant record in the case *sub judice*, our Court reversed the trial court and ordered a new trial, holding "the evidence in this case is not sufficient to determine as a matter of law that plaintiff's contributory negligence rose to the level of gross contributory negligence." *Id.* at ___, 774 S.E.2d at 429.

(4) that the injury sustained was suffered by an interest which the statute protected;
(5) that the injury was of the nature contemplated in the statute; and,
(6) that the violation of the statute proximately caused the injury.

*Birtha v. Stonemor, N. Carolina, LLC*, 220 N.C. App. 286, 293-94, 727 S.E.2d 1, 8 (2012) (citation omitted). Plaintiff's negligence *per se* claim is based upon section 18B-305(a), which states, "[i]t shall be unlawful for a[n] [ABC] permittee or his employee or for an ABC store employee to knowingly sell or give alcoholic beverages to any person who is intoxicated." N.C. Gen. Stat. § 18B-305(a) (2013).

Under section 18B-305, ABC permittees, and their employees, have a duty to not sell alcoholic beverages to intoxicated persons. *Hutchens v. Hankins*, 63 N.C. App. 1, 4, n. 1, 303 S.E.2d 584, 588 (1983), *disc. review denied*, 309 N.C. 191, 305 S.E.2d 734 (discussing N.C. Gen. Stat. § 18A-34, the predecessor to section 18B-305). This duty "has existed in some form in North Carolina since enactment of the Beverage Control Act of 1939." *Id.* (citation omitted).

This statute exists for "(1) the protection of the customer from adverse consequences of intoxication and (2) the protection of the community at large from the injurious consequences of contact with an intoxicated person." *Hart v. Ivey*, 102 N.C. App. 583, 590, 403 S.E.2d 914, 919 (1991) (citing *Hutchens*, 63 N.C. App. at 16, 303 S.E.2d at 593). Viewing the allegations in Plaintiff's complaint as admitted, Defendants breached their duty by continuing to serve Davis while she was

intoxicated, when they knew or should have known she was intoxicated. *See Hutchens*, 63 N.C. App. at 19, 303 S.E.2d at 595. As to the fourth and fifth elements, Davis's alcohol poisoning and death clearly embody the "adverse consequences of intoxication" that section 18B-305 contemplates and protects against. *See Hart*, 102 N.C. App. at 590, 403 S.E.2d at 919 (citation omitted). Accordingly, Plaintiff sufficiently pled a negligence *per se* claim in his complaint.

**C. Last Clear Chance**

Defendants raised contributory negligence as an affirmative defense in their 8 November 2013 answer. Therefore, Plaintiff was permitted to file a reply raising last clear chance under N.C. Gen. Stat. § 1A-1, Rule 7(a). Rule 7(a) states: "If the answer alleges contributory negligence, a party may serve a reply alleging last clear chance. . . . [T]he court may order a reply to an answer . . . ." *Id.* "While the recommended pleading practice is for the plaintiff to file a reply alleging last clear chance, it is not the exclusive pleading alternative." *Vernon v. Crist*, 291 N.C. 646, 652, 231 S.E.2d 591, 594 (1977).

Noting a need for flexibility in pleading last clear chance, our Supreme Court held a complaint's facts may raise last clear chance, as follows:

> It would be exceedingly technical to hold that, though the complaint . . . alleged facts giving rise to the doctrine of the last clear chance, the plaintiff may not receive the benefit of the doctrine . . . merely because . . . facts were alleged in the complaint rather than in a reply.

*Vernon*, 291 N.C. at 652, 231 S.E.2d at 594–95 (citing *Exum v. Boyles*, 272 N.C. 567, 579, 158 S.E.2d 845, 855 (1968)). We, therefore, review Plaintiff's complaint for allegations that, if held as true, could satisfy the elements of last clear chance.

Plaintiff's complaint does not contain the words "last clear chance," but this omission "is not fatal." *Vernon*, 291 N.C. at 652, 231 S.E.2d at 595. Plaintiff's complaint alleges the following. Davis drank ten or more alcoholic drinks, diminishing her mental and physical faculties. At least one or more of these drinks was served to her in violation of North Carolina law. She was noticeably and visibly intoxicated, which would have been apparent to a reasonable ABC permittee; consequently, Defendants knew or should have known she was intoxicated. Defendants had a statutory duty to stop serving Davis under section 18B-305(a), and they failed to uphold their duty by continuing to serve Davis. Defendants left a grossly intoxicated Davis in her room without appropriate assistance, supervision, or medical attention, thereby "abandoning their prior undertaking to render assistance." As a direct and proximate result of Defendants' negligence, Davis died of acute alcohol poisoning.

The last clear chance doctrine "allows a contributorily negligent plaintiff to recover where the defendant's negligence in failing to avoid the accident introduces a new element into the case, which intervenes between the plaintiff's negligence and the injury and becomes the direct and proximate cause of the accident." *Outlaw v.*

*Johnson*, 190 N.C. App. 233, 238, 660 S.E.2d 550, 556 (2008) (citation and quotation marks omitted). "Last clear chance mitigates the sometimes harsh effects of the contributory negligence rule." *Artis v. Wolfe*, 31 N.C. App. 227, 228, 228 S.E.2d 781, 782 (1976). "The doctrine contemplates that if liability is to be imposed the defendant must have a last 'clear' chance, not a last 'possible' chance to avoid injury." *Grant v. Greene*, 11 N.C. App. 537, 541, 181 S.E.2d 770, 772 (1971). "[I]t must have been such a chance as would have enabled a reasonably prudent man in like position to have acted effectively." *Battle v. Chavis*, 266 N.C. 778, 781, 147 S.E.2d 387, 390 (1966).

To prevail on a last clear chance theory, a plaintiff must prove the following:

> (1) that the plaintiff negligently placed himself in a position of helpless peril;
> (2) that the defendant knew or, by the exercise of reasonable care, *should have discovered the plaintiff's perilous position and his incapacity to escape from it*;
> (3) that the defendant had the time and ability to avoid the injury by the exercise of reasonable care;
> (4) that the defendant negligently failed to use available time and means to avoid injury to the plaintiff; and
> (5) as a result, the plaintiff was injured.

*Id.* (emphasis added) (citing *Parker v. Willis*, 167 N.C. App. 625, 627, 606 S.E.2d 184, 186 (2004), *disc. review denied*, 359 N.C. 411, 612 S.E.2d 322 (2005)).

As a matter of law, we cannot say the allegations in Plaintiff's complaint adequately raise last clear chance.[2]  Although it is adequately alleged that

---

[2] Normally, the question of whether a defendant had the last clear chance to avoid the plaintiff's injury is reserved for the jury. *See Grant*, 11 N.C. App. at 540, 181 S.E.2d at 772.

Defendants negligently served Davis alcoholic beverages past the point of visible intoxication, there are no facts alleged allowing us to draw any inference in favor of Plaintiff that Defendant had the last clear chance to avoid Davis's death by acute alcohol poisoning.

Specifically, Plaintiff's complaint fails to satisfy the doctrine of last clear chance at the second element set out in *Outlaw* because, even taking Plaintiff's allegations as true, we cannot conclude that Defendants were aware of, or should have been aware of, Davis's "incapacity to escape" death. As alleged, Defendants left a grossly intoxicated Davis with her husband in a hotel room after negligently serving her past the point of intoxication. Under these facts, even drawing all inferences in favor of Plaintiff, we cannot say there was a *clear* moment in which Defendants realized, or should have realized, Davis was going to be injured as a result of Defendants' negligence and Davis's "insensitiv[ity] to danger." *Grant*, 11 N.C. App. at 540, 181 S.E.2d at 772.

Stated broadly, under circumstances such as this, it is possible to avoid injury or death to an intoxicated individual by ceasing service to them or calling for medical attention, but the allegations of Plaintiff's complaint do not establish that it was clear that Davis's level of intoxication had become so perilous that injury was inescapable. Each individual's tolerance for alcohol, and the point at which it becomes fatal, is

---

Here, taking the facts as alleged in the complaint as true, we are able to make a conclusion as a matter of law that plaintiff has unsuccessfully established the elements necessary for last clear chance.

different and the complaint does not include allegations that Defendants should have known that Davis's intoxication level had reached a perilous level. Thus, Plaintiff's allegations are not sufficient to allege that Defendants failed to recognize a clear chance to take action in avoidance of Davis's impending injury.

There is no doubt that, as pled, it was foreseeable that Davis could be injured or killed by consuming that much alcohol unlawfully furnished to her by Defendants. However, the complaint does not include allegations establishing that it was clear to Defendants that Davis could not escape injury at the moment she was left in her hotel room with her husband. As such, we find Plaintiff's complaint fails to raise facts sufficient to satisfy the doctrine of last clear chance.

## V. Conclusion

For the foregoing reasons we reverse the trial court's 25 November 2013 order dismissing Plaintiff's claim on the pleadings.

REVERSED.


Judge GEER concurs.

Judge DILLON dissents.

DILLON, Judge, dissenting.

Plaintiff filed an action as administrator of his deceased wife's estate against Defendants alleging that their negligence contributed to his wife's death. The trial court granted Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's common law Dram Shop and punitive damages claims. The majority has concluded that the trial court erred in granting Defendants' motion to dismiss. Because I believe the trial court ruled correctly, I respectfully dissent.

As the majority points out, in reviewing the trial court's Rule 12(b)(6) dismissal, we must assume that Plaintiff's allegations in the complaint are true. These allegations tend to show the following: Plaintiff and his wife were staying at the Crowne Plaza Resort celebrating their wedding anniversary. Over the course of four and a half hours, Plaintiff and his wife sat in a restaurant at the Resort and ordered twenty-four (24) alcoholic drinks. Plaintiff's wife consumed at least ten (10) of the drinks. She was served one or more drinks after becoming appreciably and noticeably impaired. She and Plaintiff left the restaurant and headed to their hotel room for the night. However, she was so intoxicated that she fell to the floor as they left the restaurant; whereupon Defendants' employee(s) assisted her by placing her in a wheelchair and escorting her and Plaintiff to their hotel room. The next morning, Plaintiff woke up and found his wife lying dead on the floor.

The death of Plaintiff's wife is certainly a tragedy. Moreover, Plaintiff succeeds in alleging facts – that Defendants' employee(s), served "one or more" alcoholic drinks

to an intoxicated patron – which constitute negligence per se, and that this negligence was a proximate cause of his wife's death.  *See* N.C. Gen. Stat. § 18B-305 (2012) (Dram Shop Act prohibits an ABC permittee to "knowingly sell or give alcoholic beverages to any person who is intoxicated").  However, Plaintiff also alleges facts in his complaint which demonstrate that Plaintiff's wife also acted negligently in proximately causing her own death, namely by voluntarily consuming a large quantity of alcohol.  As our Court has held,

> [a patron's] act of [voluntarily] consuming sufficient quantities of intoxicants to raise his blood level approaching comatose state amounts to 'a want of ordinary care' which proximately caused [the patron's] injuries constituting contributory negligence as a matter of law.

*Brower v. Robert Chappell*, 74 N.C. App. 317, 320, 328 S.E.2d 45, 47 (1985) (affirming summary judgment for the defendant-server in action brought by plaintiff-patron who was injured by shattering glass when opening a glass door after becoming intoxicated).

"It is a well-established precedent in this State that contributory negligence on the part of the plaintiff is available as a defense in an action which charges the defendant with the violation of a statute or negligence per se."  *Id.* (following our Supreme Court's holdings in *Poultry Co. v. Thomas*, 289 N.C. 7, 220 S.E.2d 536 (1975) and *Stone v. Texas Co.*, 180 N.C. 546, 105 S.E. 425 (1920)).  Furthermore, as our Supreme Court has recognized, where one serving alcohol to an intoxicated person in

2

violation of N.C. Gen. Stat. § 18B-305 may be liable to third parties who are injured by the intoxicated patron, a claim brought by the intoxicated patron herself against the server is subject to the defense of contributory negligence. *Sorrell v. M.Y.B. Hospitality*, 332 N.C. 645, 647-48, 423 S.E.2d 72, 73-74 (1992).

The majority correctly points out that a plaintiff's *ordinary* contributory negligence will not bar a recovery where the defendant's negligence (or negligence per se) rises to the level of *gross negligence* or *willful and wanton conduct*. However, our Supreme Court in *Sorrell*, *supra*, has instructed that a Rule 12(b)(6) dismissal is appropriate where the allegations in the complaint show that the patron's contributory negligence rose to the same level as the defendant's negligence. In *Sorrell*, a patron became visibly intoxicated; the patron's friend told the bar waitress not to serve the patron another drink because the patron would be driving; the waitress, nonetheless, served the patron another large alcoholic drink; the patron finished the drink, left the bar, and got into his car; and the patron lost control of his vehicle and was killed. *Id.* at 646-47, 423 S.E.2d at 73. On appeal, our Supreme Court recognized that both the waitress and the patron acted negligently. *Id.* at 648, 423 S.E.2d at 74. The patron's estate, though, argued that the waitress' conduct in serving alcohol to an intoxicated patron whom she knew was going to drive, after being requested to refrain from serving him, rose *above* the level of ordinary negligence. *Id.* Our Supreme Court, however, affirmed the trial court's Rule 12(b)(6)

3

dismissal because the "decedent's own actions, as alleged in the complaint, [] [rose] *to the same level of negligence* as that of [the waitress]." *Id.* at 648-49, 423 S.E.2d at 74 (further stating that the allegations concerning the patron's actions "establish a similarly high degree of contributory negligence on the part of the [patron]") (emphasis added).

As was the case in *Sorrell* and the other reported cases in our State involving *first-party* Dram Shop claims, the complaint here fails to allege any facts which demonstrate that Defendants' negligence was any greater than the negligence of Plaintiff's wife. *See id.* (affirming Rule 12(b)(6) dismissal); *Mohr v. Matthews*, ___ N.C. App. ___, ___, 768 S.E.2d 10, 14 (2014) (Rule 12(b)(6) dismissal); *Canady v. McLeod*, 116 N.C. App. 82, 87, 446 S.E.2d 879, 882 (1994) (affirming summary judgment). *See also Eason v. Cleveland Draft House*, 195 N.C. App. 785, 673 S.E.2d 883, 2009 N.C. App. LEXIS 291, *6 (2009) (unpublished opinion) (affirming Rule 12(b)(6) dismissal). Rather, here, the only allegation concerning Defendants' negligence is that the waiter(s) served "at least one and more likely, several intoxicating liquor drinks" after the decedent had become "noticeably impaired." Moreover, the allegations otherwise demonstrate that Plaintiff's wife consumed the alcohol voluntarily. Under our case law, a patron is barred from recovering from her server as a matter of law where her allegations fail to allege anything more than that the defendant served alcohol and the patron voluntarily consumed alcohol. The same

rule applies even where the server knew the patron was going to drive *if* the patron also knew (s)he was going to be driving. Here, there is simply no allegation that Defendants were aware of any facts of which Plaintiff's wife was not aware or that Defendants had any special relationship or owed any special duty beyond that between a server to a patron.

That is not to say that there could not be a situation where the negligence of a server could exceed the contributory negligence of a patron. *See Sorrell*, 332 N.C. at 648, 423 S.E.2d at 74 (recognizing the validity of the rule that a patron's ordinary negligence would not defeat his claim against a waiter whose actions in serving alcohol rise to the level of gross or willful and wanton negligence). However, here, Plaintiff has simply failed to plead any facts that would make Defendants' behavior any worse than the facts alleged in the above-cited cases.

In conclusion, Plaintiff has alleged facts which demonstrate as a matter of law that he is not entitled to a recovery under our law, which is the majority view in this country. *See Bridges v. Park Place*, 860 So.2d 811, 816-818 (2003) (Mississippi Supreme Court–citing cases, including *Sorrell* from our Supreme Court).