IN THE SUPREME COURT OF NORTH CAROLINA

No. 160A16

Filed 2 March 2018

THOMAS A.E. DAVIS, JR., Administrator of the Estate of LISA MARY DAVIS

v.

HULSING ENTERPRISES, LLC; HULSING HOTELS NC MANAGEMENT COMPANY; HULSING HOTELS NORTH CAROLINA, INC.; HULSING HOTELS, INC. d/b/a CROWNE PLAZA TENNIS & GOLF RESORT ASHEVILLE and MULLIGAN'S

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 783 S.E.2d 765 (2016), reversing an order entered on 25 November 2013 by Judge Richard L. Doughton in Superior Court, Mecklenburg County. On 18 August 2016, the Supreme Court allowed defendants' petition for discretionary review of additional issues. Heard in the Supreme Court on 12 April 2017.

*Charles G. Monnett III for plaintiff-appellee.*

*Northup McConnell & Sizemore, PLLC, by Isaac N. Northup, Jr., for defendant-appellants.*

*Jordan Price Wall Gray Jones & Carlton, by R. Frank Gray and Lori P. Jones, for North Carolina Restaurant and Lodging Association, amicus curiae.*

JACKSON, Justice.

In this case we are asked to consider whether North Carolina recognizes plaintiff's first-party claim for dram shop liability and if so, whether that claim is

barred by the contributory negligence of the decedent. Based upon our conclusion

that plaintiff cannot recover because of the decedent's contributory negligence, we do

not reach plaintiff's first-party dram shop claim and therefore hold that discretionary

review was improvidently allowed on that issue. For the reasons stated below, we

reverse the decision of the Court of Appeals.

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), we accept the

"factual allegations in a complaint as true." *Turner v. Thomas*, 369 N.C. 419, 424,

794 S.E.2d 439, 444 (2016) (quoting *Fussell v. N.C. Farm Bureau Mut. Ins. Co.*, 364

N.C. 222, 225, 695 S.E.2d 437, 440 (2010)). Here the complaint alleges the following:

On 5 October 2012, plaintiff Thomas A.E. Davis, and plaintiff's wife, the decedent

Lisa Mary Davis, checked into the Crowne Plaza Tennis & Golf Resort in Asheville,

North Carolina, to celebrate their wedding anniversary. Defendants Hulsing

Enterprises, LLC and Hulsing Hotels, Inc. own and operate this resort hotel, as well

as a restaurant and bar called Mulligan's, which is located within the hotel. Shortly

after checking into the hotel, the couple decided to have dinner at Mulligan's. During

the course of four and a half hours, the couple ate dinner and ordered twenty-four

alcoholic beverages. The decedent consumed at least ten of the drinks and became

visibly intoxicated. As the Davises walked down a hallway after leaving Mulligan's,

the decedent fell down. She was so intoxicated that an employee of defendants

arrived with a wheelchair to transport the decedent to her room. After assisting the

decedent into the wheelchair, the employee helped her to her hotel room and onto her

bed. When plaintiff awoke the next morning, he found his wife lying on the floor deceased. The cause of death later was determined to be acute ethanol (alcohol) poisoning.

On 15 July 2013, plaintiff, the administrator of the decedent's estate, filed a complaint for wrongful death, alleging the following causes of action: (1) common law dram shop liability; (2) negligent aid, rescue, or assistance; and (3) punitive damages. Plaintiff's dram shop claim alleged that defendants were negligent per se because they violated N.C.G.S. § 18B-305 by knowingly selling and giving alcoholic beverages to the decedent, an intoxicated person. On 13 August 2013, defendants filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim for which relief can be granted under the laws of North Carolina. Defendants filed their answer on 8 November 2013 and raised several affirmative defenses, including contributory negligence. On 25 November 2013, the trial court entered an order dismissing plaintiff's common law dram shop and related punitive damages claims. The parties proceeded to a jury trial on the negligent rescue and remaining punitive damages claims. On 23 October 2014, the trial court entered a judgment dismissing the action after a jury found that the decedent's death was not proximately caused by the negligence of defendants. Plaintiff appealed to the Court of Appeals. On appeal, plaintiff contested only the dismissal of his common law dram shop claim. *Davis v. Hulsing Enters.*, ___ N.C. App. ___, ___ 783 S.E.2d 765, 768 (2016).

The Court of Appeals determined that plaintiff had stated a valid negligence per se dram shop claim pursuant to N.C.G.S. § 18B-305(a) and therefore reversed the trial court's order dismissing that claim. *Id.* at ___, ___,783 S.E.2d at 772, 773. The majority concluded that defendants breached their duty to not sell or give alcoholic beverages to the decedent and opined that it was reasonable that defendants should have foreseen the injuries caused by their conduct. *Id.* at ___, 783 S.E.2d at 769-70. In reaching these conclusions, the majority ultimately determined that the decedent's death was "the direct and proximate result of" defendants' negligence. *Id.* at ___, 783 S.E.2d at 770. In contrast, the dissenting judge reasoned that, although plaintiff alleged facts sufficient to support a claim of negligence per se, plaintiff also alleged facts that demonstrated that the decedent "acted negligently in proximately causing her own death." *Id.* at ___, 783 S.E.2d at 774 (Dillon, J., dissenting). Defendants appealed the decision of the Court of Appeals to this Court based upon the dissenting opinion. In addition, we allowed discretionary review to address defendants' proposed issue as to whether North Carolina recognizes a first-party cause of action for dram shop liability.

Defendants argue that the factual allegations of plaintiff's complaint establish the decedent's contributory negligence. Because we agree, we do not reach the issue of the first-party dram shop claim.

When evaluating the legal sufficiency of plaintiff's complaint, "the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citing *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 229 S.E.2d 297 (1976)).

Our opinion in *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 423 S.E.2d 72 (1992), is both instructive and controlling in this case. Similar to the circumstances in this case, the claim in *Sorrells* was brought by the administrator of the estate of a person who was fatally injured after driving while in a highly intoxicated state. *Id.* at 646, 423 S.E.2d at 72. The representative of the decedent's estate sued a bar for wrongful death, alleging negligence and gross negligence. *Id.* at 647, 423 S.E.2d at 73. The estate alleged in its complaint that the twenty-one-year-old decedent and one or more of his friends were intoxicated, that their waitress was informed on at least three separate occasions by the decedent's friends that he was driving and should not be served more alcohol, and that, nevertheless, the bartender served the decedent more alcohol. *Id.* at 646-47, 423 S.E.2d at 72-73. After consuming his last drink, the decedent proceeded to drive himself—against the advice of his friends—lost control of his vehicle on the interstate highway, and struck a bridge abutment. *Id.* at 647, 423 S.E.2d at 73.

The trial court dismissed the estate's claim based upon the decedent's contributory negligence, and the estate appealed to the Court of Appeals, which reversed the trial court. *Id.* at 647, 423 S.E.2d at 73. On appeal to this Court, the estate argued that the claim should not be dismissed because the bar acted with willful and wanton negligence. *Id.* at 648, 423 S.E.2d at 74. This Court concluded that plaintiff's complaint alleged facts which denied the right to relief and that the trial court properly granted defendant's motion to dismiss. *Id.* at 648-49, 423 S.E.2d at 73-74. Specifically, the Court stated that "defendant's motion to dismiss was properly granted since plaintiff's complaint 'discloses an unconditional affirmative defense which defeats the claim asserted [and] pleads facts which deny the right to any relief on the alleged claim.' " *Id.* at 648, 423 S.E.2d at 73 (alteration in original) (quoting *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970)).

Here plaintiff's complaint alleges that defendants were negligent in "serv[ing] at least one and more likely, several additional intoxicating liquor drinks" to the decedent after "her mental and/or physical faculties were appreciably and noticeably impaired." Plaintiff also alleges facts indicating that this negligence was the "direct and proximate" cause of her death. Nonetheless, even if plaintiff's dram shop claim is valid, it is well established that "a plaintiff's contributory negligence is a bar to recovery from a defendant who commits an act of ordinary negligence." *Id.* at 648, 423 S.E.2d at 73-74 (citing *Adams ex rel. Adams v. State Bd. of Educ.*, 248 N.C. 506, 511, 103 S.E.2d 854, 857 (1958)).

Turning to the statute governing the claim raised here—the wrongful death statute—N.C.G.S. § 28A-18-2 provides for survivorship of only those claims that could have been brought by the decedent herself had she lived. *Carver v. Carver*, 310 N.C. 669, 673, 314 S.E.2d 739, 742 (1984). Because this claim is being brought by the administrator of the decedent's estate, this claim is subject to the affirmative defense of contributory negligence. *See generally Sorrells*, 332 N.C. 645, 423 S.E.2d 72.

Plaintiff argues on appeal that because the decedent's death was proximately caused by defendants' gross negligence, only gross contributory negligence on the part of the decedent would bar recovery. As the Court of Appeals majority highlighted, a plaintiff's ordinary contributory negligence is not a bar to recovery when a "defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries." *Yancey v. Lea*, 354 N.C. 48, 51, 550 S.E.2d 155, 157 (2001) (citation omitted); *see also Sorrells*, 332 N.C. at 648, 423 S.E.2d at 73-74. "An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Yancey*, 354 N.C. at 52, 550 S.E.2d at 157 (citations omitted). We conclude here, as we did in *Sorrells*, that the actions of both the decedent and defendants rise to the same level of negligence, thereby barring plaintiff's common law dram shop claim.

The events leading up to the decedent's death are undeniably tragic; however, in this State contributory negligence precludes recovery for a plaintiff when, as here,

the complaint alleges facts that demonstrate the plaintiff's decedent exhibited the same level of negligence as the defendant. Accordingly, we conclude here, as we did in *Sorrells*, that the trial court properly granted defendants' motion to dismiss because plaintiff's complaint "discloses an unconditional affirmative defense which defeats the claim asserted [and] pleads facts which deny the right to any relief on the alleged claim." *Sorrells*, 332 N.C. at 648, 423 S.E.2d at 73 (alteration in original) (quoting *Sutton*, 277 N.C. at 102, 176 S.E.2d at 166).

For the foregoing reasons, we reverse the decision of the Court of Appeals that reversed the trial court's 25 November 2013 order dismissing plaintiff's common law dram shop claim for failure to state a claim under Rule 12(b)(6) and further conclude that defendants' petition for discretionary review as to the additional issue was improvidently allowed.

REVERSED; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.

Justice HUDSON dissenting.

Here the majority concludes that plaintiff's dram shop claim is barred because the complaint establishes the decedent's contributory negligence as a matter of law, based largely on *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 423 S.E.2d 72 (1992). The majority also asserts that the actions of the decedent and defendants rise to the same level of negligence, barring plaintiff's claim. I disagree

with the application of *Sorrells* and conclude that the complaint sufficiently alleges gross negligence on the part of defendants; moreover, I see no allegations in the complaint supporting gross contributory negligence on the part of the decedent. As such, I respectfully dissent.

I agree with the majority's recitation of the standard of review regarding a motion to dismiss under Rule 12(b)(6). The relevant inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted." *Newberne v. Dep't of Crime Control & Pub. Safety*, 359 N.C. 782, 784, 618 S.E.2d 201, 203 (2005) (quoting *Meyer v. Walls*, 347 N.C. 97, 111, 489 S.E.2d 880, 888 (1997)). Additionally, I generally agree with the majority's discussion of the applicable principles regarding negligence and contributory negligence. As the majority recognizes, "[i]n this state, a plaintiff's contributory negligence is a bar to recovery from a defendant who commits an act of ordinary negligence," *Sorrells*, 332 N.C. at 648, 423 S.E.2d at 73-74 (citing *Adams ex rel. Adams v. State Bd. of Educ.*, 248 N.C. 506, 511, 103 S.E.2d 854, 857 (1958)), but "[c]ontributory negligence is not a bar to a plaintiff's recovery when the defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries," *Yancey v. Lea*, 354 N.C. 48, 51, 550 S.E.2d 155, 157 (2001) (citing *Brewer v. Harris*, 279 N.C. 288, 297, 182 S.E.2d 345, 350 (1971)). This Court has "defined 'gross negligence' as 'wanton conduct done with conscious or reckless disregard for the rights and safety of others.' " *Yancey*, 354 N.C. at 52, 550 S.E.2d at 157 (quoting

*Bullins v. Schmidt*, 322 N.C. 580, 583, 369 S.E.2d 601, 603 (1988)); *see also id.* at 53, 550 S.E.2d at 158 ("An act or conduct rises to the level of gross negligence when the *act* is done purposely and with knowledge that such act is a breach of duty to others, i.e., a *conscious* disregard of the safety of others."). I do not agree with the majority's application of these principles to the complaint here.

For the purposes of Rule 12(b)(6), we take the allegations of the complaint as true. *Newberne*, 359 N.C. at 784, 618 S.E.2d at 203. The majority here does not specify which allegations in the complaint suffice, as a matter of law, to establish the decedent's ordinary contributory negligence, let alone establish that "the actions of both the decedent and defendants rise to the same level of negligence." Nonetheless, assuming *arguendo* that the allegations of the complaint can be taken as conclusively establishing ordinary contributory negligence on the part of the decedent, the allegations of the complaint, in my view, plainly allege gross negligence on the part of defendants, so that contributory negligence does not bar the claim. Specifically, plaintiff alleged in the complaint:

> 51. The employee(s) or agent(s), such as "1241 Michael," of Defendants' conduct of serving twenty-four (24) alcoholic beverages, of which the Decedent was served at least ten (10) of those drinks, in approximately a four-to-five hour period was an egregious, wrongful act which constitutes gross negligence and was willful or wanton conduct which evidences a reckless disregard for the safety of others.
>
> 52. That the employee(s) or agent(s), such as "1241

Michael," of Defendants continued to serve intoxicating liquor drinks to the decedent, Lisa Mary Davis, after Lisa Mary Davis became noticeably or visibly intoxicated was an egregious, wrongful act which constitutes gross negligence and was willful or wanton conduct which evidences a reckless disregard for the safety of others.

53. That the employee(s) or agent(s) of Defendants knew or had reason to know that Lisa Mary Davis was so grossly intoxicated so as to be a danger to herself and knew or had reason to know that the quantities of alcohol she had been served and consumed were potentially lethal . . . .

. . . .

55. That the egregious, willful or wanton conduct of Defendants' employee(s) or agent(s), while in the course and scope of their employment with Defendants as set forth above was a proximate cause of the injuries and damages sustained by Plaintiff.

Facially, these allegations assert gross negligence and willful and wanton conduct evidencing a reckless disregard for the safety of others. Taking these allegations as true, I conclude that the majority has improperly applied inferences of ordinary contributory negligence to bar plaintiff's claims for gross negligence and willful and wanton conduct as a matter of law. These allegations contend in part that defendants served a noticeably intoxicated person anywhere between ten and twenty-four liquor drinks over a four to five hour period, with knowledge both of the person's intoxication and that the quantities served were "potentially lethal." In my view, it is for the jury to decide whether the facts as alleged are ultimately shown by evidence to constitute

a conscious, or even a reckless, "disregard of the safety of others." *Yancey*, 354 N.C. at 53, 550 S.E.2d at 158; *see also Ladd v. Estate of Kellenberger*, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) ("A complaint should not be dismissed under Rule 12(b)(6) '. . . unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim.' " (ellipsis in original) (quoting *Presnell v. Pell*, 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979))).

Moreover, I see no allegations in the complaint that can be construed as establishing, as a matter of law, gross contributory negligence on the part of the decedent, as was the case in *Sorrells*. There, as the majority noted, the plaintiff argued that the allegations in the complaint of the defendant's serving alcohol to the intoxicated decedent, after being requested to refrain from serving him, sufficiently alleged gross negligence, such that the decedent's ordinary contributory negligence would not bar recovery. *Sorrells*, 332 N.C. at 647-48, 423 S.E.2d at 73-74. Yet, the Court noted that the complaint also alleged that the decedent had chosen to drive his vehicle while highly intoxicated—a willful violation of the impaired driving statute. *Id.* at 648, 423 S.E.2d at 74.[1] Accordingly, the Court held that "to the extent the

---

[1] The Court also noted that it had previously held that "a willful violation of this statute constitutes culpable negligence" and that the decedent's conduct, had his driving while impaired resulted in the death of another, would have amounted to manslaughter. 332 N.C. at 648, 423 S.E.2d at 74 (citing *State v. McGill*, 314 N.C. 633, 637, 336 S.E.2d 90, 92 (1985)); *see also id.* at 648-49, 423 S.E.2d at 74 ("Proof of both a willful violation of the statute and a causal connection between the violation and a death is all that is needed to support a successful prosecution for manslaughter. Plaintiff cannot dispute either of these elements under the facts as alleged in the complaint." (citing *McGill*, 314 N.C. at 636, 336 S.E.2d at 92)).

allegations in the complaint establish more than ordinary negligence on the part of defendant, they also establish a similarly high degree of contributory negligence on the part of the decedent." *Id.* at 649, 423 S.E.2d at 74. Although driving while highly intoxicated clearly evinces "a *conscious* disregard of the safety of others," *Yancey*, 354 N.C. at 53, 550 S.E.2d at 158, I am unaware of any decision from this Court holding that drinking to the point of intoxication in a safe location, absent accompanying allegations of impaired driving or other conduct, constitutes gross negligence as a matter of law.

In looking solely at the allegations of the complaint and taking them as true, and expressing no view on the ultimate merits of plaintiff's claim, I conclude that plaintiff has sufficiently alleged gross negligence on the part of defendants. Unlike in *Sorrells*, there are no allegations in the complaint that, as a matter of law, constitute gross contributory negligence on the part of the decedent. As such, I disagree with the majority's conclusion that contributory negligence dooms plaintiff's claim at the pleading stage and respectfully dissent from the Court's decision. I would affirm the Court of Appeals on this issue and proceed to address the issue of the first-party dram shop claim.

Justices BEASLEY and MORGAN join in this dissenting opinion.